THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JUAN M. MAIDEN, Defendant-Appellant.

Second District    No. 2—99—0306

Supplemental opinion filed January 18, 2001.

G. Joseph Weller and Darren E. Miller, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Peter N. Stein, of Lincolnshire, for the People.

Supplemental Opinion Upon Denial of Rehearing

PRESIDING JUSTICE COLWELL delivered the opinion of the court:

Defendant, Juan M. Maiden, previously appealed two convictions of aggravated criminal sexual assault (720 ILCS 5/12—14(a)(2) (West 1994)), and this court affirmed in an unpublished order (*People v. Maiden*, No. 2—99—0306 (2000) (unpublished order under Supreme Court Rule 23)). Defendant now petitions for rehearing. In this petition, defendant requests that we reconsider our decision regarding

whether his speedy-trial right was violated. Additionally, defendant raises for the first time whether the imposition of consecutive sentences for his two convictions violated the strictures of the due process clause (U.S. Const., amend. XIV).

■ Defendant first argues that this court failed to address his argument that the State intentionally withheld exculpatory DNA evidence and consequently should be charged, for speedy-trial purposes, with the time it took defendant to procure that evidence. Initially, we note that in our earlier decision we concluded that the trial court did not abuse its discretion in attributing this delay to defendant. The trial court noted the complexity of defendant's discovery request, specifically that it was addressed to no one in particular and required evidence to be gathered from two facilities. We find the trial court's reasoning adequate to support its exercise of its discretion. Furthermore, we note that defendant could have proceeded to trial within the statutory period. However, he chose to wait for his discovery request to be answered. Had the State failed to tender exculpatory evidence, a *Brady* violation would have occurred. See *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963). The remedy for a *Brady* violation is a new trial. *People v. Sims*, 166 Ill. App. 3d 289, 310 (1987). Defendant may not convert what would otherwise be grounds for a new trial into a dismissal under the speedy-trial statute (725 ILCS 5/103—5(a) (West 1994)) by refusing to proceed to trial.

■ Defendant next argues that the imposition of consecutive sentences violated his rights under the due process clause of the United States Constitution. U.S. Const., amend. XIV. This issue was not raised prior to this petition. However, "[s]entencing issues may be reviewed as plain error where the issue is one of misapplication of law, because the right to be sentenced lawfully is substantial because it affects a defendant's fundamental right to liberty." *People v. Keene*, 296 Ill. App. 3d 183, 186 (1998). In this argument, defendant relies extensively on *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The United States Supreme Court issued this decision while defendant's appeal was pending. Accordingly, *Apprendi* is applicable to the present case. See *Griffith v. Kentucky*, 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708 (1987). We will examine the merits of defendant's argument.

Defendant was convicted of two counts of aggravated criminal sexual assault. 720 ILCS 5/12—14(a)(2) (West 1994). This offense is set forth in the statute governing consecutive sentencing as requiring consecutive sentencing. 730 ILCS 5/5—8—4 (West 1994). In relevant part, that statute, at the time of the offenses of which defendant was convicted, provided:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12—13 or 12—14 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." 730 ILCS 5/5—8—4 (West 1994).

The State argued that consecutive sentences were mandatory because defendant was convicted of two counts of aggravated criminal sexual assault (720 ILCS 5/12—14(a)(2) (West 1994)) that occurred during a single course of conduct (730 ILCS 5/5—8—4 (West 1994)). The trial court accepted the State's reasoning and sentenced defendant to two consecutive terms of 20 years' imprisonment.

■ Defendant contends that the question of whether the acts he committed were part of a "single course of conduct during which there was no substantial change in the nature of the criminal objective"[1] (730 ILCS 5/5—8—4 (West 1994)) should have been charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt. Defendant relies on *Apprendi* for the proposition that a fact that subjects a defendant to punishment more severe than the statutory maximum for the offense in question must be submitted to the jury. 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. Defendant also points us to *People v. Clifton*, 321 Ill. App. 3d 707 (2000). In that case, the First District held that *Apprendi* applies to certain factual determinations that result in consecutive sentencing as well as to statutes that extend the range of a sentence for a particular offense beyond the statutory maximum. *Clifton*, slip op. at 52.

In *Apprendi*, the Supreme Court considered the constitutionality of a New Jersey statute that required an extended term of imprisonment if the sentencing judge found, by a preponderance of the evidence, that the defendant committed the underlying offense for the purpose of intimidating someone on the basis of race, color, gender, handicap, religion, or sexual orientation. *Apprendi*, 530 U.S. at 468-69, 147 L. Ed. 2d at 442, 120 S. Ct. at 2351. The statute had the effect of increasing the punishment to which the defendant could be subjected from between 5 and 10 years' imprisonment to between 10 and 20 years' imprisonment. The Supreme Court first recognized that judges

---

[1]For the sake of brevity, the remainder of this opinion will refer to this language simply as a "single course of conduct."

typically have wide discretion both in determining an appropriate sentence and in choosing what factors to rely on in making that decision. *Apprendi*, 530 U.S. at 480, 147 L. Ed. 2d at 449, 120 S. Ct. at 2358. However, the Court noted that this discretion is circumscribed by statutory limits establishing the punishment for particular offenses. *Apprendi*, 530 U.S. at 481, 147 L. Ed. 2d at 449, 120 S. Ct. at 2358. The Court held the New Jersey sentencing scheme unconstitutional because it allowed for a sentence in excess of the statutory maximum for the underlying offense on a finding of fact made by the sentencing judge. *Apprendi*, 530 U.S. at 497, 147 L. Ed. 2d at 459, 120 S. Ct. at 2366-67. When a factual finding enhances a sentence beyond the range established in the statute defining the offense, it must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

*Apprendi* must be contrasted with *McMillan v. Pennsylvania*, 477 U.S. 79, 91 L. Ed. 2d 67, 106 S. Ct. 2411 (1986). In that case, the Supreme Court addressed the constitutionality of a Pennsylvania statute that set a mandatory minimum sentence for certain felonies on a judicial finding that the defendant visibly possessed a firearm during the commission of the offense. *McMillan*, 477 U.S. at 81, 91 L. Ed. 2d at 73, 106 S. Ct. at 2413. The Court noted that the statute did not alter the maximum punishment the defendant could receive, but merely limited a judge's discretion in selecting a sentence within the range established by the underlying offense. *McMillan*, 477 U.S. at 87-88, 91 L. Ed. 2d at 77-78, 106 S. Ct. at 2417. Essentially, the legislature "took one factor that has always been considered by sentencing courts to bear on punishment *** and dictated the precise weight to be given that factor." *McMillan*, 477 U.S. at 89-90, 91 L. Ed. 2d at 78-79, 106 S. Ct. at 2418. The Court concluded that it was permissible to treat visible possession of a firearm as a sentencing factor and to allow this fact to be determined by a judge rather than a jury. *McMillan*, 477 U.S. at 93, 91 L. Ed. 2d at 81, 106 S. Ct. at 2420.

From these two cases, the rule emerges that a statute may narrow a judge's discretion in sentencing, as long as it does so within limits established by the underlying offense. However, where a statute mandates a punishment beyond that authorized by the underlying offense, the factual findings that trigger the statute's application must be submitted to the jury. In the present case, the former portion of this rule applies. The sentencing judge could have imposed consecutive sentences pursuant to his discretion. *People v. Jefferson*, 260 Ill. App. 3d 895, 914 (1994); *People v. Hemphill*, 259 Ill. App. 3d 474, 477 (1994); *People v. Morgan*, 14 Ill. App. 3d 232, 236 (1973) ("Once a defendant has been convicted of two or more offenses which do not

result from the same conduct, the trial court may in its discretion impose consecutive sentences upon him"). That consecutive sentences were deemed mandatory because the court found that both sexual assaults occurred during a single course of conduct did not result in a sentence beyond that which the court could have otherwise imposed. Consequently, *Apprendi* was not violated.

*Apprendi* counsels us to look at the effect of the statute in determining whether a violation occurred. *Apprendi*, 530 U.S. at 494, 147 L. Ed. 2d at 457, 120 S. Ct. at 2365. In light of the present facts, only two situations were possible. Either defendant's offenses were part of a single course of conduct or they were not. If they were not part of a single course of conduct, the trial judge could have sentenced defendant to consecutive terms by virtue of his discretion. *Jefferson*, 260 Ill. App. 3d at 914. If they were part of a single course of conduct, the court had to sentence defendant to consecutive terms pursuant to the consecutive sentencing statute. 730 ILCS 5/5—8—4 (West 1994). Because defendant was convicted of aggravated criminal sexual assault, a finding that the two assaults occurred within a single course of conduct automatically triggered mandatory consecutive sentences under the statute. 730 ILCS 5/5—8—4 (West 1994). No further finding of fact was necessary. It is important to note that, because these were sexual assault convictions, the prohibition against consecutive sentencing contained in the statute never could have applied to defendant. 730 ILCS 5/5—8—4 (West 1994). While in most cases a finding that two offenses were part of a single course of conduct bars the imposition of consecutive sentences, in the case of aggravated criminal sexual assault, once that finding is made, consecutive sentences follow automatically. 730 ILCS 5/5—8—4 (West 1994).

Under such circumstances, it was constitutionally permissible for the trial judge to determine whether the two offenses were part of a single course of conduct. Absent this finding, the judge would have had the discretion to impose consecutive sentences. The effect of finding that the offenses occurred during a single course of conduct was to eliminate the judge's discretion and mandate consecutive sentences. This consequence does not require or allow the imposition of a sentence greater than that which the judge could have otherwise imposed. *Apprendi* requires a finding of fact to be submitted to a jury only when the finding results in a punishment greater than that otherwise allowed. *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. Accordingly, *Apprendi* has not been violated.

We find the instant case controlled by *McMillan*, 477 U.S. 79, 91 L. Ed. 2d 67, 106 S. Ct. 2411. In *McMillan*, the statute under review limited the judge's discretion by requiring him to impose a minimum

sentence that was within the sentencing range allowed by the underlying offense. *McMillan*, 477 U.S. at 81, 91 L. Ed. 2d at 73, 106 S. Ct. at 2413. Similarly, in the present case, the consecutive sentencing statute operated to divest the judge of discretion to impose anything other than consecutive sentences (730 ILCS 5/5—8—4 (West 1994)), but it did not allow for a sentence greater than that which the defendant could have otherwise received. Thus, as in *McMillan*, the finding necessary to limit the court's discretion did not have to be submitted to the jury. See *McMillan*, 477 U.S. at 87-91, 91 L. Ed. 2d at 77-79, 106 S. Ct. at 2417-19.

Defendant points us to *Clifton* and *People v. Carney*, 317 Ill. App. 3d 806 (2000) in support of his position; however, both cases are distinguishable. Those cases found *Apprendi* violations where consecutive sentences were deemed mandatory under another provision of the consecutive sentencing statute—that the offenses occurred during a single course of conduct and the defendant inflicted serious bodily injury during their commission. 730 ILCS 5/5—8—4 (West 1994). Under these circumstances, a finding that multiple offenses occurred during a single course of conduct mandates concurrent sentencing unless a subsequent finding that the defendant inflicted severe bodily injury is made. Thus, a finding of severe bodily injury would allow for the imposition of a sentence greater than otherwise authorized. Such a result is what *Apprendi* forbids. *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

We have granted defendant's request to submit *People v. Waldrup*, 317 Ill. App. 3d 288 (2000), as additional authority. In that case, the court concluded that the provisions of the statute mandating consecutive sentencing where a defendant is convicted of aggravated criminal sexual assault were unconstitutional under *Apprendi*. *Waldrup*, 317 Ill. App. 3d at 300. We believe the *Waldrup* court misapprehended *Apprendi*. In *Waldrup*, the court reasoned that "the imposition of consecutive sentences is the same as a sentence enhancement, and, therefore, *** any fact that is utilized to increase the amount of time a defendant must serve must be submitted to the trier of fact and proved beyond a reasonable doubt." *Waldrup*, 317 Ill. App. 3d at 300. Quoting *Apprendi*, the *Waldrup* court stated, " 'the relevant inquiry is not of form, but effect—does the required finding expose the defendant to greater punishment than that authorized by the jury's guilty verdict?' " *Waldrup*, 317 Ill. App. 3d at 300, quoting *Apprendi*, 530 U.S. at 494, 147 L. Ed. 2d at 457, 120 S. Ct. at 2365. The answer to this question is clearly that it does not. Absent a finding that multiple sexual assaults are part of a single course of conduct, a defendant may still receive consecutive sentences pursuant to the sentencing court's

discretion. See *Morgan*, 14 Ill. App. 3d at 236. What the *Waldrup* court failed to recognize is that a finding that two aggravated criminal sexual assaults are part of a single course of conduct does not increase a sentence beyond that to which a defendant could otherwise be sentenced. In such circumstances, no constitutional violation occurs. See *McMillan*, 477 U.S. at 87-91, 91 L. Ed. 2d at 77-79, 106 S. Ct. at 2417-19. To the extent that *Waldrup* is inconsistent with this opinion, we reject the analysis of the *Waldrup* court.

Because defendant was not sentenced to a term in excess of what he could have received by virtue of the jury's factual findings and the court's exercise of its discretion, *Apprendi* has not been violated. Accordingly, defendant's petition for rehearing is denied and the decision of the circuit court of Lake County is affirmed.

Affirmed.

RAPP and O'MALLEY, JJ., concur.