THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE E. HINDSON, Defendant-Appellant.

Second District    No. 2—99—1360

Opinion filed March 2, 2001.—Rehearing denied April 9, 2001.

2

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Carol L. Anfinson, of Aurora, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, George Hindson, appeals from the order of the circuit court of Lake County dismissing his petition for postconviction relief as frivolous and patently without merit.

On May 1, 1996, defendant was charged by indictment with 43 counts of predatory criminal sexual assault of a child (720 ILCS 5/12—14.1 (West Supp. 1995)), 2 counts of aggravated criminal sexual abuse (720 ILCS 5/12—16(c)(1)(i) (West 1994)), and 1 count of aggravated battery (720 ILCS 5/12—4(c) (West 1994)). The indictment pertained to conduct that occurred between July 25, 1995, and September 15, 1995. Prior to trial, the State moved to amend the counts pertaining to predatory criminal sexual assault of a child to aggravated criminal sexual assault because the statute enacting the offense of predatory criminal sexual assault of a child had not become effective until December 13, 1995, after the offenses charged had allegedly occurred. The State pointed out to the court that both predatory criminal sexual assault of a child and aggravated criminal sexual assault were Class X felonies and carried the same penalties. Over defense counsel's objection, the trial court granted the State's motion to amend.

Defendant was tried by a jury in October 1996. At the conclusion of the trial the jury found defendant guilty of 10 counts of aggravated criminal sexual assault, 9 of which were counts that had been amended, and 1 count of aggravated criminal sexual abuse. One of the aggravated criminal sexual assault convictions pertained to defendant's act of placing his minor son's finger in defendant's anus.

Defendant filed a motion for a new trial, which the trial court denied. Following a sentencing hearing, the court determined that consecutive sentences were appropriate and sentenced defendant to a total of 72 years' imprisonment.

On direct appeal, this court affirmed the judgment and sentence but redacted that portion of the court's sentencing order holding that the truth-in-sentencing provision applied to count LI of the indictment. *People v. Hindson*, 301 Ill. App. 3d 466, 481 (1998). We held that defendant was entitled to receive whatever good-conduct credit he would have been eligible to receive prior to the enactment of the truth-in-sentencing provision and modified the judgment to reflect our holding. *Hindson*, 301 Ill. App. 3d at 480-81.

While his case was on direct appeal, defendant filed a motion under section 2—1401 of the Code of Civil Procedure for relief from the trial court's judgment (735 ILCS 5/2—1401 (West 1996)) based on newly discovered evidence that a witness had committed perjury and that the State had failed to reveal to the defense all the terms of a plea agreement with that witness. Following an evidentiary hearing, the

trial court denied the motion. This court affirmed the trial court's ruling in *People v. Hindson*, No. 2—98—0429 (2000) (unpublished order under Supreme Court Rule 23).

On September 16, 1999, defendant filed a *pro se* postconviction petition. Among the constitutional violations alleged by defendant was his claim that he was denied due process when he "was indicted on wrong charges which were changed by the State's Attorney" and when he was convicted on a count, count XXV, for which no evidence was presented to support the conviction. Defendant also alleged that he had requested his appellate counsel to raise these violations along with all the others stated in his petition but that counsel had not done so.

The trial court dismissed defendant's postconviction petition without an evidentiary hearing, concluding that defendant's petition was frivolous and patently without merit. In its order the court found that evidence presented at trial supported the jury's verdict on count XXV. The court's order did not address defendant's issue pertaining to the State's amendment of charges in the indictment. This appeal ensued.

■ To be entitled to postconviction relief, a defendant must establish that a substantial violation of his constitutional rights occurred at the proceeding that produced the judgment. *People v. Fern*, 240 Ill. App. 3d 1031, 1037 (1993). Under section 122—2.1 of the Post-Conviction Hearing Act, the trial court may summarily dismiss a postconviction petition without the appointment of counsel or an evidentiary hearing if it deems the petition "frivolous" or "patently without merit." 725 ILCS 5/122—2.1 (West 1996). The court's decision will not be reversed absent an abuse of discretion. *Fern*, 240 Ill. App. 3d at 1037.

Two of the claims defendant raised in his postconviction petition are before us on appeal. Defendant contends that he was denied due process of law when (1) the trial court allowed the State to amend the counts of the indictment charging predatory criminal sexual assault of a child to aggravated criminal sexual assault, and (2) the jury convicted him on count XXV, a conviction that was unsupported by the evidence. Additionally, in a supplemental brief, defendant raises another issue never addressed in the trial court. Defendant contends that, based on the finding in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), the trial court's imposition of consecutive sentences violated his right to due process of law.

Defendant first argues that the trial court erred in allowing the State to amend the charges in the indictment pertaining to predatory sexual assault of a child to aggravated criminal sexual assault because

the law does not allow substantive changes to an indictment and because a void indictment cannot be amended. The State responds that the amendment was proper because the only change to the charges was the name of the offense and because all the elements and penalties related to the two offenses were identical.

■ Amendments to indictments are allowed where the defect in the charge is a formal one. *People v. Griggs*, 152 Ill. 2d 1, 32 (1992). A formal defect is one that does not alter the nature and elements of the charged offense. *People v. Patterson*, 267 Ill. App. 3d 933, 938 (1993). A charging instrument that contains a formal defect is not void. *People v. Williams*, 161 Ill. App. 3d 613, 619 (1987).

■ Section 111—5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/111—5 (West 1994)) lists certain formal defects. That section provides in relevant part:

"An indictment, information or complaint which charges the commission of an offense *** may be amended on motion by the State's Attorney or defendant at any time because of formal defects, including:

(a) Any miswriting, misspelling or grammatical error;

(b) Any misjoinder of the parties defendant;

(c) Any misjoinder of the offense charged;

(d) The presence of any unnecessary allegation;

(e) The failure to negative any exception, any excuse or proviso contained in the statute defining the offense; or

(f) The use of alternative or disjunctive allegations as to the acts, means, intents or results charged." 725 ILCS 5/111—5 (West 1994).

The list of formal defects enumerated in section 111—5 is not exclusive. *People v. Benitez*, 169 Ill. 2d 245, 255 (1996).

■ In the present case the State discovered prior to trial that the offense of predatory criminal sexual assault of a child had not been enacted until December 1995, which was after the dates of the alleged offenses. Defendant was charged by indictment in April 1996. The State moved, and was allowed, to amend the name of the offenses from predatory criminal sexual assault of a child to aggravated criminal sexual assault. Prior to the original enactment of the statute pertaining to predatory criminal sexual assault of a child, the offense of aggravated criminal sexual assault contained the same elements and language as the relevant section of the predatory-criminal-sexual-assault-of-a-child statute. The pertinent section of the predatory-criminal-sexual-assault-of-a-child statute provided:

"(a) The accused commits predatory criminal sexual assault of a child if:

(1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of

age when the act was committed[.]'' 720 ILCS 5/12—14.1(a)(1) (West Supp. 1995).

The aggravated criminal sexual assault statute read in pertinent part:

"(b) The accused commits aggravated criminal sexual assault if:

(1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed[.]'' 720 ILCS 5/12—14(b)(1) (West 1994).

Because the statutory language and elements of the two offenses were identical, defendant was given fair warning of the charges against him. Consequently, he was already aware of the precise charges against him so as to prepare his defense and could not claim prejudice or surprise when the name of the offense was changed. Moreover, the amendment to the indictment did not change what the grand jury intended to charge, i.e., the commission of an act of sexual penetration by one 17 years of age or over with a victim under 13 years of age when the act was committed. We conclude, therefore, that the defect in question in the present case was formal.

Our conclusion that such a defect was formal is well supported by case law. See, e.g., People v. Martin, 266 Ill. App. 3d 369, 373-74 (1994) (where the amendment did not change the substance of the original offense, the State was permitted to amend the charging instrument prior to trial to include, in three additional counts charged by the State, allegations tolling the statute of limitations although, arguably, the defendant could not have been prosecuted on those counts without the amendment); People v. Hirsch, 221 Ill. App. 3d 772, 777 (1991) (where the amendment did not change the substance of the charge, the State was allowed, prior to trial, to amend the indictment even though the indictment charged the defendant under a subsection that was not in existence under the statute cited); People v. House, 202 Ill. App. 3d 893, 906 (1990) (where the amendment did not change the substance of the original charge, the State was allowed, prior to trial, to amend the charging instrument from alleging a misdemeanor to alleging a felony).

Defendant relies heavily on our supreme court's decision in the consolidated appeal People v. Tellez-Valencia, 188 Ill. 2d 523 (1999), a case that addressed whether the amendment of a charging instrument changing the name of the offense charged from ''predatory criminal sexual assault of a child'' to ''aggravated criminal sexual assault'' cured a substantive or a formal defect. Defendants, Gomecindo Tellez-Valencia and Robbie Moore, were charged with and convicted of predatory criminal sexual assault of a child in the spring of 1996. Following their convictions and while their appeals were pending, the

supreme court held that Public Act 89—428 (Pub. Act 89—428, eff. December 13, 1995), which included the offense of predatory criminal sexual assault of a child, was enacted in violation of the single subject rule (Ill. Const. 1970, art. IV, § 8) and therefore was unconstitutional in its entirety. Shortly thereafter, the legislature passed Public Act 89—462 (Pub. Act 89—462, eff. May 29, 1996), which reenacted the offense of predatory criminal sexual assault of a child. The legislation did not become effective until May 29, 1996. On appeal both defendants argued that their convictions must be reversed because the convictions were based upon charging instruments that failed to state an offense. The State sought to amend the charging instruments on appeal.

This court held that the State could not amend the charging instrument on appeal (*People v. Tellez-Valencia*, 295 Ill. App. 3d 122, 127 (1998)), while the Appellate Court, Fourth District, allowed the State to amend the charge on appeal to aggravated criminal sexual assault (*People v. Moore*, 295 Ill. App. 3d 676, 686 (1998), *rev'd* 188 Ill. 2d 523 (1999)). The supreme court affirmed this court's decision and reversed the Fourth District's decision, finding that "when a defendant is *convicted* of an offense later held unconstitutional, the State may not amend the charging instrument *on appeal*." (Emphases added.) *Tellez-Valencia*, 188 Ill. 2d at 525.

We find *Tellez-Valencia* distinguishable. There, the defendants were charged with, prosecuted for, and convicted of a nonexistent offense. Here, defendant was not prosecuted for and convicted of a nonexistent offense because the nonexistent offense was amended to an existing offense before defendant went to trial. We made this distinction in our opinion in *Tellez-Valencia*. There, we pointed out that the cases relied upon the State did not apply because the amendments in those cases occurred before trial whereas in *Tellez-Valencia* the State did not seek to change the offense contained in the charging instrument until after the defendant had already been tried and convicted of another offense. *Tellez-Valencia*, 295 Ill. App. 3d at 127.

In the present case defendant was not prosecuted for and convicted of an offense that did not exist. He was not prejudiced by the name change in the offense because the nature and elements of the offense were the same, as were the penalties. Moreover, the change in the name of the offense did not affect his theory of defense, which was simply that, based on the testimony and the physical examination of the minor children, the acts charged could not have happened on the dates alleged. Accordingly, under the particular circumstances of this case, we find the defect in question was a formal one.

Defendant next contends that he was denied due process when the

jury found him guilty beyond a reasonable doubt of count XXV of the indictment. Count XXV alleged that defendant knowingly committed an act of sexual penetration when he caused his minor son to place his finger in defendant's anus. Defendant argues that there was no evidence to support a conviction of this charge. The State concedes this point.

■ Sexual penetration means:

"any contact, however slight, between the sex organ or anus of one person by an object, the sex organ, mouth or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to cunnilingus, fellatio or anal penetration." 720 ILCS 5/12—12(f) (West 1996).

To sustain a conviction of aggravated criminal sexual assault as alleged in count XXV there must have been evidence that defendant's son's finger actually intruded, no matter how slightly, into defendant's anus. From our review of the record, we find no evidence to this effect.

We note that this issue was not properly preserved for appeal. Although defendant's trial counsel filed a motion for a new trial wherein he stated "the defendant was not proven guilty beyond a reasonable doubt," he failed to specify count XXV as the basis for this statement. Additionally, defendant's appellate counsel did not raise this issue on direct appeal. Nevertheless, in his postconviction petition defendant raised the issue of incompetency of both his trial and appellate counsel and specifically stated he had advised his appellate counsel of this error.

■ Where fundamental fairness so requires, a reviewing court will relax the waiver doctrine in postconviction proceedings. *People v. Yates*, 223 Ill. App. 3d 110, 116 (1991). Here, fundamental fairness requires our review of the issue in question. Defendant was sufficiently prejudiced by his conviction on count XXV, because the conviction resulted in a sentence of 30 years' imprisonment on that count. As there was no evidence to sustain defendant's conviction on count XXV, the conviction must be reversed and the sentence thereon vacated.

■ Last, defendant challenges the constitutionality of his sentence under section 5—8—4(b) of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—4(b) (West 1994)). Defendant contends that, based on the new constitutional rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), the trial court's imposition of consecutive sentences pursuant to section 5—8—4(b) violated his right to due process of law and therefore his sentences must be modified to run concurrently. Defendant raises this issue for the first time in a supplemental brief. The State has filed no response.

Initially, we note that defendant has not waived his right to review of this issue by failing to raise it in his postconviction petition, as *Apprendi* was decided after the trial court denied defendant's petition. See *People v. Beachem*, 317 Ill. App. 3d 693, 706 (2000) (defendant did not forfeit her right to review of her extended sentence under *Apprendi* based on her failure to raise the due process issue in her postconviction petition where *Apprendi* was decided after the denial of her petition). Moreover, " '[s]entencing issues may be reviewed as plain error where the issue is one of misapplication of law, because the right to be sentenced lawfully is substantial because it affects a defendant's fundamental right to liberty.' " *People v. Maiden*, 318 Ill. App. 3d 545, 547 (2001), quoting *People v. Keene*, 296 Ill. App. 3d 183, 186 (1998).

In *Apprendi* the Supreme Court held unconstitutional a New Jersey "hate crime" statute that allowed a trial judge to increase the normal 5- to 10-year range of imprisonment for possession of a firearm for an unlawful purpose to a 10- to 20-year term if the judge found, by a preponderance of the evidence, that the offense was committed for the purpose of intimidating an individual or a group because of that individual's or group's race, color, gender, handicap, religion, sexual orientation, or ethnicity. *Apprendi*, 530 U.S. at 492, 147 L. Ed. 2d at 456, 120 S. Ct. at 2363. Confirming the opinion it had expressed in *Jones v. United States*, 526 U.S. 227, 143 L. Ed. 2d 311, 119 S. Ct. 1215 (1999), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

In *Jones* the Supreme Court had construed the provisions of a carjacking statute as establishing three separate offenses with distinct elements rather than a single crime with a choice of three penalties, two of which were dependent upon sentencing factors exempt from the requirements of charge and jury verdict. The Court noted that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Jones*, 526 U.S. at 243 n.6, 143 L. Ed. 2d at 326 n.6, 119 S. Ct. at 1224 n.6. In *Apprendi* the Supreme Court referred to this statement in *Jones* and determined that "[t]he Fourteenth Amendment commands the same answer in [a] case involving a state statute." *Apprendi*, 530 U.S. at 476, 147 L. Ed. 2d at 446, 120 S. Ct. at 2355. Consequently, under the Supreme Court's decisions in *Jones* and *Apprendi*, a trial court is not allowed to increase the

maximum penalty for a crime if that penalty is based on any fact that was not charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt.

In the present case defendant received a sentence on each of the aggravated criminal sexual assault convictions and on the aggravated criminal sexual abuse conviction that fell within the sentencing ranges for the offenses. However, eight of the sentences imposed on the aggravated criminal sexual assault convictions were to be served consecutively. The consecutive sentences totaled 72 years.

This court recently determined that the imposition of consecutive sentences is the same as a sentence enhancement and that, therefore, the holding in *Apprendi* applies. *People v. Waldrup*, 317 Ill. App. 3d 288, 300 (2000). In *Waldrup*, the trial court had relied on section 5—8—4(a) of the Code (730 ILCS 5/5—8—4(a) (West 1998)) in imposing consecutive sentences for the defendant's aggravated criminal sexual assault convictions. Section 5—8—4(a) provides in pertinent part:

> "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless *** the defendant was convicted of a violation of Section 12—13, 12—14, or 12—14.1 of the Criminal Code of 1961, [*i.e.*, criminal sexual assault, aggravated criminal sexual assault, or predatory criminal sexual assault of a child,] in which event the court shall enter sentences to run consecutively." 730 ILCS 5/5—8—4(a) (West 1998).

The defendant argued that his convictions must be reversed because they were based on an aggravating circumstance not submitted to the jury, namely, that the aggravated criminal sexual assaults were committed " 'as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective.' " *Waldrup*, 317 Ill. App. 3d at 299, quoting 730 ILCS 5/5—8—4(a) (West 1998). Based on *Apprendi*, the court concluded that any fact, other than the fact of a prior conviction, that is utilized to increase the amount of time a defendant must serve beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. *Waldrup*, 317 Ill. App. 3d at 300. Therefore, the requirement of section 5—8—4(a) that a defendant be sentenced to consecutive sentences for offenses listed therein that arose out of a single course of conduct during which no substantial change in the nature of the criminal objective occurred was unconstitutional. *Waldrup*, 317 Ill. App. 3d at 300.

This court has very recently rejected the analysis set out in *Wal-*

*drup*, stating that it believes in *Waldrup* the court misapprehended *Apprendi*. *People v. Maiden*, 318 Ill. App. 3d at 551. In a careful analysis, the court in *Maiden* determined that *Apprendi* was not violated when the trial judge imposed consecutive sentences pursuant to the same consecutive sentencing provision found unconstitutional in *Waldrup*. See *Maiden*, 318 Ill. App. 3d at 547-51.

In the present case, however, the trial court relied on a different provision of the consecutive sentencing statute, *i.e.*, section 5—8—4(b) of the Code (730 ILCS 5/5—8—4(b) (West 1994)) in imposing consecutive sentences. At the time of defendant's sentencing that section provided:

> "The court shall not impose a consecutive sentence except as provided for in subsection (a) unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." 730 ILCS 5/5—8—4(b) (West 1994).

At sentencing, the trial court found that consecutive sentences on some of the aggravated criminal sexual assault counts were "necessary to protect the public from further criminal conduct by the defendant." Inherent in such a finding under section 5—8—4(b) are a defendant's prior convictions. In fact, the court's explanation for how it arrived at its finding revealed that defendant's prior 1995 conviction for a similar offense was a basis for the court's decision to impose consecutive sentences. The court stated:

> "In arriving at that conclusion, I took into account the nature and circumstances of the offenses and the history and character of the defendant. The basis for this conclusion I have gone into already and stated previously, and in very, very brief summary includes the 1995 conviction[,] the defendant being on probation, the position of trust, the two children being involved and one other adult being involved in the room at the time these things are happening, and the threats that Krystle testified to and so forth."

Previously, in mentioning some of the aggravating factors that it had considered in imposing its sentences, the court said:

> "First of all, your 1995 conviction for aggravated criminal sexual abuse. That is a factor I need to consider in this case.
>
> Along with your other prior criminal convictions, but that is not of major significance in this case, your 1995 conviction for aggravated criminal sexual abuse is something I used for input. Also the fact you were still on probation in that case when you committed the offenses of which you stand convicted in this case. That is another factor I need to consider."

Later, the court again referred to defendant's prior conviction when it stated:

> "He was on probation for a similar offense, and it wasn't the same, it was similar because it was [aggravated criminal sexual] abuse, not [aggravated criminal sexual] assault, but it was a similar offense with one of the same victims."

While there were other facts that the court considered in imposing consecutive sentences, it is evident that defendant's prior 1995 conviction played an important part in the court's imposition of the sentences. That prior conviction, alone, was sufficient to merit consecutive sentences and, under *Apprendi*, constituted a permissible fact for the trial court to consider. Nevertheless, the other facts mentioned by the trial court in imposing consecutive sentences neither defined defendant's mental state, as occurred in *Apprendi*, nor determined the existence or absence of essential elements of the offense of aggravated criminal sexual assault. Rather, they merely constituted other circumstances evidencing the need to protect the public, particularly children, from further criminal conduct by defendant. Therefore, we find the *Apprendi* holding inapplicable to these facts and reject defendant's request for resentencing.

We note that a split of authority exists regarding whether the new constitutional rule set out in *Apprendi* applies retroactively to cases on collateral review under the Post-Conviction Hearing Act. See, *e.g.*, *People v. Kizer*, 318 Ill. App. 3d 238 (2000) (new constitutional rule announced in *Apprendi* should not be applied retroactively to postconviction proceedings); *People v. Beachem*, 317 Ill. App. 3d 693 (2000) (*Apprendi* applies to a timely filed postconviction petition). As we have determined that the rule announced in *Apprendi* does not apply in the instant case, we need not consider this issue.

For the reasons set forth above, we vacate defendant's conviction on count XXV and affirm the judgment of the circuit court of Lake County summarily dismissing the remaining claims of defendant's postconviction petition.

Affirmed in part and vacated in part.

RAPP and GROMETER, JJ., concur.