THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD O. WADE, Defendant-Appellant.

Third District   No. 3—00—0487

Opinion filed Nocvember 30, 2001.

Kerry J. Bryson, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward D. Smith, State's Attorney, of Kankakee (John X. Breslin and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McDADE delivered the opinion of the court:

Defendant Richard O. Wade pleaded guilty to one count each of predatory criminal sexual assault of a child (720 ILCS 5/12—14.1(a)(1) (West 1996)) and child pornography (720 ILCS 5/11—20.1(a)(1)(ii) (West 1996)). He was sentenced to consecutive prison terms of 15 and 7 years, respectively. Those terms were subsequently reduced to 12 and 5 years. On appeal, defendant claims that (1) his prison sentences should be modified to run concurrently, and (2) the trial court erred in ordering forfeiture of a computer and digital camera without conducting a forfeiture hearing pursuant to section 11—20.1A of the Criminal Code of 1961 (Code) (720 ILCS 5/11—20.1A (West 1996)). We affirm in part and reverse in part.

## FACTS

The State brought a 13-count indictment against defendant, charging him with one count of predatory criminal sexual assault of his 11-year-old stepdaughter, M.M., and 12 counts of child pornography. Pursuant to a partially negotiated plea agreement, defendant pleaded guilty to predatory criminal sexual assault (count I) and child pornography committed contemporaneously with the assault (count II). In exchange, the State dismissed the remaining 11 counts of child pornography.

At the hearing to accept defendant's plea, the prosecutor presented a factual basis concerning an incident that occurred between June 1, 1997, and June 1, 1998. During that incident, defendant caused M.M. to perform an act of fellatio on him and took a picture of her doing so. The picture was downloaded from a digital camera into the family computer, where it was subsequently discovered by a family friend. Following admonishments, the trial court accepted defendant's plea and set the cause for sentencing.

At the sentencing hearing, the parties introduced extensive testimony in aggravation and mitigation. In closing remarks, the prosecutor recommended imposition of maximum prison terms to be served consecutively pursuant to section 5—8—4(a) of the Unified Code of Corrections (730 ILCS 5/5—8—4(a) (West 1996)) and requested a forfeiture order pursuant to section 11—20.1(e) of the Code (720 ILCS 5/11—20.1(e) (West 1996)).

Prior to imposing sentence, the court determined that the offenses were committed during a single incident. The court admonished defendant that consecutive sentences were mandatory on that basis. The

court also found that defendant's potential for rehabilitation was outweighed by the harm inflicted on the victim and the need to deter others. Accordingly, the court imposed consecutive terms of 15 and 7 years for the two offenses. The court then declared that it was granting the State's request for forfeiture of the digital camera and the computer. Defense counsel objected to the forfeiture order on grounds that the property was co-owned and the illegal material could be deleted. The objection was overruled.

Defendant's postsentencing motion was denied and he appeals.

## I. CONSECUTIVE SENTENCING

■ Defendant initially contends that his sentences must be modified to run concurrently pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The Supreme Court in *Apprendi* held that any factor, other than a prior conviction, which increases the penalty for a crime beyond the prescribed statutory maximum must be pleaded and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348.

■ Defendant argues that his aggregate sentence was unconstitutionally increased without proof beyond a reasonable doubt that the two offenses were committed as part of a single course of conduct (see 730 ILCS 5/5—8—4(a) (West 1996)). During the pendency of this appeal, the appellate court in *People v. Maiden*, 318 Ill. App. 3d 545, 743 N.E.2d 1052 (2001), considered and rejected this argument. Our supreme court subsequently approved the holding of *Maiden* in *People v. Wagener*, 196 Ill. 2d 269 (2001), and *People v. Carney*, 196 Ill. 2d 518 (2001). In both of these recent decisions, the supreme court ruled that the mandatory consecutive sentencing provisions of section 5—8—4 of the Unified Code of Corrections do not increase punishment exceeding the statutory maximum for each discrete offense, but only control how multiple sentences are served. Accordingly, sentences imposed pursuant to section 5—8—4 do not violate the rule of *Apprendi*. *Wagener*, 196 Ill. 2d 269; *Carney*, 196 Ill. 2d 518. Based on binding precedent, we now reject defendant's constitutional challenge to his prison sentences.

■ Defendant argues in the alternative that the trial court might have erred by imposing consecutive sentences pursuant to the statute in effect at the time of sentencing, without finding that the two offenses were committed during a single course of conduct. See Pub. Act 90—128, eff. July 22, 1997 (amending 730 ILCS 5/5—8—4(b) (West 1996)). This argument is not well taken.

Public Act 90—128 added a mandatory consecutive sentencing provision in subsection 5—8—4(b) for triggering offenses not commit-

ted during a single course of conduct and left intact the mandatory provision of subsection 5—8—4(a) for offenses that were so committed. See 730 ILCS 5/5—8—4(a), (b) (West 1998). Thus, after July 22, 1997, mandatory consecutive sentencing applies when one of the offenses was predatory criminal sexual assault of a child, whether the offenses were committed together or separately.

In this case, the offenses charged in counts I and II were committed between June 1, 1997, and June 1, 1998; therefore, they could have been committed prior to the amending legislation. However, the record discloses that the trial court determined that the two offenses were committed during a single course of conduct. Accordingly, the court properly imposed mandatory consecutive sentences under subsection 5—8—4(a), and the July 22, 1997, amendment to subsection 5—8—4(b) could not have affected the sentencing decision.

## II. FORFEITURE

Next, defendant argues that his personal computer and camera were forfeited in violation of section 11—20.1A(b)(1) of the Code (720 ILCS 5/11—20.1A(b)(1) (West 1996)). In response, the State argues that a second forfeiture provision, subsection 11—20.1(e) (720 ILCS 5/11—20.1(e) (West 1996)), "overlaps" section 11—20.1A and allows the State to obtain a forfeiture order pursuant to article 36 of the Code (720 ILCS 5/36—1 *et seq.* (West 1996)). That article, the State suggests, requires that a forfeiture complaint be filed and a hearing held only if the property at issue is registered with a state or federal agency. Further, the State contends, there was sufficient evidence introduced at defendant's guilty plea and sentencing proceedings to support the forfeiture order. In his reply brief, defendant contends that the State failed to comply with article 36 procedures as well.

■ Resolution of this issue requires a threshold determination of which statutory provision (section 11—20.1A or section 11—20.1(e)) controls the forfeiture of personal equipment used in the commission of child pornography. This determination, in turn, requires ascertainment of the legislature's intent. *People v. 1991 Dodge Ram Charger*, 250 Ill. App. 3d 810, 620 N.E.2d 448 (1993). The plain language of a statute is the best indicator of legislative intent. *People v. Rissley*, 165 Ill. 2d 364, 651 N.E.2d 133 (1995). We are also guided by rules that: (1) statutes which relate to the same subject are deemed to be *in pari materia* and should be construed together (*People ex rel. Daley v. Datacom Systems Corp.*, 146 Ill. 2d 1, 585 N.E.2d 51 (1991)); and (2) a court should avoid an interpretation that would render any portion of a statute meaningless or void. *McNamee v. Federated Equipment & Supply Co.*, 181 Ill. 2d 415, 692 N.E.2d 1157 (1998). Further, amend-

ments to statutes are construed together with the original act, and the language of an amended statute is construed in light of the need for the amendment and the purpose it serves. *People v. Woodard*, 175 Ill. 2d 435, 677 N.E.2d 935 (1997).

■ The legislative history of Illinois' child pornography statutes sheds light on the legislature's intent. Subsection 11—20.1(e) was added by Public Act 84—1029, effective November 18, 1985. 720 ILCS Ann. 5/11—20.1, Historical & Statutory Notes, at 201-02 (Smith-Hurd 1993). The subsection specifically authorizes the forfeiture of pornographic reproductions and other materials and equipment used in committing child pornography and provides that such property be "seized and forfeited in the manner, method and procedure provided by Section 36—1" of the Code. 720 ILCS 5/11—20.1(e) (West 1996). Section 36—1 applies to the seizure of vessels, vehicles and aircraft. Forfeiture procedures for property seized pursuant to section 36—1 are contained in section 36—2. 720 ILCS 5/36—2 (West 1996).

Effective August 15, 1986, section 11—20.1 was amended by Public Act 84—1280 (Pub. Act 84—1280, eff. August 15, 1986), which added a forfeiture provision in subsection (f). The amendment provided procedures for forfeitures of all personal and business profits, proceeds and property and property interest "acquired or maintained as a result of child pornography." Ill. Rev. Stat. 1987, ch. 38, par. 11—20.1(f)(1). The legislation thus greatly expanded the scope of property subject to forfeiture, while leaving intact the provision in subsection (e) for forfeiture of certain kinds of personal property and equipment used in committing child pornography.

Effective August 19, 1988, section 11—20.1 was amended by Public Act 85—1194 (Pub. Act 85—1194, eff. August 19, 1988). This amendment deleted the forfeiture procedures in subsection 11—20.1(f) and created a new section, 11—20.1A. 720 ILCS 5/11—20.1A (West 1992); 720 ILCS Ann. 5/11—20.1, Historical & Statutory Notes, at 201-02 (Smith-Hurd 1993).

The plain language of section 11—20.1A indicates that the forfeiture procedures therein relate to property associated with the business of child pornography. By enacting Public Acts 84—1280 and 85—1194, the legislature clearly intended to deter perpetrators of certain sexual offenses against children by confiscating profits derived from exploiting them. Further, the legislature twice amended section 11—20.1 without excising the reference to article 36 procedures in subsection 11—20.1(e). In so doing, the legislature could not have intended that the procedures applicable to forfeitures of personal pornography material, equipment and reproductions (subsection 11—20.1(e)) would merely duplicate or "overlap" forfeiture proceedings for the type of

property covered by section 11—20.1A. Thus, construing both provisions together, we conclude that the legislature intended that article 36 forfeiture procedures should apply to the camera and computer at issue in this case.

■ Having determined that article 36 controls, we next consider the State's argument that the proceedings in the trial court satisfied statutory requirements. In this regard, we are mindful of the general rule that forfeitures are not favored and the law must be narrowly interpreted to avoid injustice. *People v. DeLuca*, 302 Ill. App. 3d 454, 706 N.E.2d 927 (1998).

■ As indicated above, section 36—1 incorporates by reference the forfeiture procedures set forth in section 36—2. Section 36—2 provides that the State's Attorney must file a complaint in the circuit court, give notice to the owner of the property, and establish at a hearing that the property was used in the commission of an offense covered by article 36. Further, at the hearing, the defendant or any other party with an interest in the property may assert an "innocent owner" claim. 720 ILCS 5/36—2(a) (West 1996). Although reference is made in section 36—1 to "registered" owners, such reference does not absolve the State from giving notice of forfeiture proceedings to owners of other, nonregistered property when article 36 is applied to forfeitures of child pornography equipment.

■ In this case, the proceedings did not comply with article 36 requirements because no forfeiture complaint was filed and no forfeiture hearing was held. In fact, the State's first mention of forfeiture did not come until the prosecutor's sentencing recommendation.

Moreover, the record gives no assurance that no injustice resulted. At least with respect to the unnamed co-owner mentioned by defense counsel in her objection to the forfeiture order, the State's failure to comply with the statutory notice and hearing requirements deprived a possible claimant of a meaningful opportunity to be heard. Any "innocent owner" claim that might have been made under section 36—2(a) was foreclosed by the improper proceedings. Accordingly, the order of forfeiture must be vacated. See *1991 Dodge Ram Charger*, 250 Ill. App. 3d 810, 620 N.E.2d 448.

## CONCLUSION

For the reasons stated, the judgment of the circuit court of Kankakee County is affirmed in part and vacated in part.

Affirmed in part; vacated in part.

HOMER, P.J., and SLATER, J., concur.