FOURTH DIVISION

Filed: 12/21/00

No. 1-99-3006

THE PEOPLE OF THE STATE OF ILLINOIS )  APPEAL FROM THE

)  CIRCUIT COURT OF

Plaintiff-Appellee, )  COOK COUNTY

)

v. )

)

JAMES HARDEN, )  HONORABLE

)  PAUL J. NEALIS,

Defendant-Appellant, )  JUDGE PRESIDING.

JUSTICE HOFFMAN delivered the opinion of the court:

Following a bench trial, the defendant, James Harden, was found guilty of first degree murder, aggravated criminal sexual assault, aggravated kidnapping, and armed robbery.  The trial court sentenced the defendant to an extended term of 100 years in prison for first degree murder, to be served consecutively to a 20 year prison sentence for aggravated criminal sexual assault and concurrently with a 30 year sentence for armed robbery and a 30 year sentence for aggravated kidnapping.  On direct appeal, this court: affirmed the defendant's convictions of and sentences for aggravated criminal sexual assault and armed robbery; vacated the defendant's aggravated kidnapping conviction, as the State conceded that it had not proven defendant's guilt as to that offense beyond a reasonable doubt; and affirmed the defendant's first degree murder conviction but vacated the 100 year sentence for that offense, finding that the trial court had improperly imposed an extended sentence, and remanded for re-sentencing as to that offense alone.  
People v. Harden
, Nos. 1-95-3905, 1-97-0762, and 1-97-1091 (cons.) (1998)(unpublished order under Supreme Court Rule 23).  On remand, the trial court sentenced the defendant to 60 years in prison for first degree murder, again ordering that his 20 year sentence for aggravated criminal sexual assault would run consecutively to the murder sentence.  The trial court also stated that "the sentence that I have issued before will stand in its entirety except for the re-sentencing on *** the first degree murder count."

On appeal, the defendant first contends that section 5-8-4(a) of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/5-8-4 (a) (West 1995)) is unconstitutional.  Section 5-8-4(a) provides, in relevant part, as follows:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which the defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12-13 [criminal sexual assault] or 12-14 [aggravated criminal sexual assault] of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively."  730 ILCS 5/5-8-4(a)(West 1995).

It was pursuant to this section that the defendant's sentences for murder and aggravated criminal sexual assault were ordered to run consecutively.

While this case was pending on appeal, the United States Supreme Court issued its decision in 
Apprendi v. New Jersey
, 530 U.S. __, 147 L. Ed. 2d 435, ___, 120 S. Ct. 2348 (2000), where it found to be unconstitutional a New Jersey statute which allowed the trial judge to impose an extended term sentence upon finding, by a preponderance of the evidence, that the defendant, when committing the offense for which he was being sentenced, acted with a racially biased purpose.  The 
Apprendi
 court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."
  
Apprendi
, 530 U.S. at __, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.  Relying on 
Apprendi
, the defendant argues that section 5-8-4(a) is unconstitutional because it allows a trial court to make factual findings, such as the finding in the instant case that the offenses of murder and aggravated criminal sexual assault were committed as part of a single course of conduct, which increase the permissible range of penalties by requiring the defendant's sentences to run consecutively.

We reject the State's argument that the defendant has waived any argument that section 5-8-4(a) is unconstitutional because he did not raise the argument at sentencing or in a post-sentencing motion.  See 730 ILCS 5/5-8-1(c)(West 1998); 
People v. Reed
, 177 Ill. 2d 389, 393-94, 686 N.E.2d 584 (1997).  Challenges to a trial court's statutory authority are not subject to waiver.  
People v. Clifton
, Nos. 1-98-2126, 1-98-2384 (cons.), slip op. at 50-51 (Ill. App. September 29, 2000).  We will, therefore, address the merits of the defendant's argument.

The State argues that  
Apprendi
 does not apply to section 5-8-4(a) of the Code of Corrections because that section does not authorize the imposition of a sentence which is beyond the prescribed statutory maximum for any particular offense.  Rather, it asserts, an order that multiple sentences run consecutively pursuant to section 5-8-4(a) affects only the manner in which the sentences will be served, not the length of those sentences.

Since the Supreme Court's decision was issued in 
Apprendi
, two divisions of the First District of this court have declared that section 5-8-4(a) is unconstitutional in that it allows the trial court to impose consecutive sentences upon making one or more factual findings, namely that offenses were committed as part of a single course of conduct and, in some cases, that the defendant inflicted severe bodily harm.  
Clifton
, Nos. 1-98-2126, 1-98-2384 (cons.), slip op. at 49-55;  
People v. Carney
, No. 1-98-4677, slip op. at 7-10 (Ill. App. November 13, 2000).  In doing so, the courts in both 
Clifton
 and 
Carney
  acknowledged that an order that sentences run consecutively does not enhance any individual sentence beyond the prescribed statutory maximum.  Both courts concluded, however, that, under 
Apprendi
, it is the effect of a statute, rather than its form, which controls and that the effect of an order requiring that sentences run consecutively is to increase the defendant's sentence.  
Clifton
, Nos. 1-98-2126, 1-98-2384 (cons.), slip op at 52-54; 
Carney
, No. 1-98-4677, slip op. at 10.  We agree. 

We note that, subsequent to the decisions in both 
Clifton
 and 
Carney
, another division of the First District held, in 
People v. Sutherland
, No. 1-98-3802 (Ill. App. December 1, 2000), that section 5-8-4(a) does not violate the rule announced in 
Apprendi
 and, accordingly, is constitutional.  In that case, the trial court had imposed consecutive sentences based upon findings that the offenses in question were committed as part of a single course of conduct and that the defendant inflicted severe bodily injury.  The 
Sutherland
 court found that section 5-8-4(a) was distinguishable from the hate crime statute involved in 
Apprendi
 in two significant respects.  First, the statute in 
Apprendi
 allowed for imposition of an extended sentence upon a judicial finding that the defendant had a certain mental state.  In contrast the 
Sutherland
 court stated, "the trial court here did not define defendant's mental state or determine the existence or absence of essential elements of the offense."  
Sutherland
, 1-98-3802, slip op. at 18.  We fail to see the significance of the fact that section 5-8-4(a) does not require a finding regarding a mental state.  Although the statute in 
Apprendi
 involved such a finding, the 
Apprendi
 court did not limit its holding to such statutes.  Rather, it held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  
Apprendi
, 530 U.S. at __, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

The second basis on which the 
Sutherland
 court based its conclusion that the rule in 
Apprendi
 is not applicable to section 5-8-4(a) is that, unlike the statute involved in 
Apprendi
, section 5-8-4(a) does not increase a defendant's sentence beyond the statutory maximum.  
Sutherland
, No. 1-98-3802, slip op. at 18-19.  This is the argument presented by the State in this case and rejected by the courts in both 
Clifton
 and 
Carney
.  We agree that section 5-8-4(a) does not provide for the imposition of a sentence which exceeds the statutory maximum for any particular offense.  We also, however, agree with the courts in 
Clifton
 and 
Carney
 that the practical effect of section 5-8-4(a) is to increase the period of time which the defendant will spend incarcerated.  In the instant case, for example, the trial court's order that the defendant serve his sentences for first degree murder and aggravated criminal sexual assault consecutively increases the maximum amount of time he will spend in jail from 60 years to 80 years.  As such, "[i]t would be anomalous to hold that where a statute mandates the enhancement of an individual sentence the enhancement factors must be tried by the jury while a statute requiring an extended period of service by requiring consecutive sentences would remain outside the purview of the 
Apprendi
 rationale."  
Clifton
, Nos. 1-98-2126, 1-98-2384 (cons.), slip op at 52.  Accordingly, we find that section 5-8-4(a) is unconstitutional. 

For the reasons set forth, the portion of the trial court's sentencing order requiring that the defendant's sentences for first degree murder and aggravated criminal sexual assault run consecutively cannot stand.  We modify the defendant's sentence to provide that those sentences shall run concurrently.

The defendant next argues that  we must vacate the conviction of  and sentence for aggravated kidnapping which the trial court imposed on remand.  As noted above, when this case was first before us, we vacated the defendant's conviction for aggravated kidnapping, the State having conceded that it did not establish the defendant's guilt beyond a reasonable doubt with respect to that offense.  When we remanded the instant case to the trial court, it was for the sole purpose of the trial court imposing a new sentence for the offense of first degree murder.  After doing so, the trial judge stated that "the sentence that I have issued before will stand in its entirety except for the re-sentencing on *** the first degree murder count."  The mittimus on remand reflects a conviction of and 30 year sentence for aggravated kidnapping.

A trial court is obligated to obey the clear and unambiguous directions of a mandate issued by the reviewing court and is vested with jurisdiction to take only those actions which conform to the mandate.  
People ex rel. Daley v. Schreier
, 92 Ill. 2d 271, 276, 442 N.E.2d 185 (1982).  The State concedes that the mittimus incorrectly reflects a conviction for aggravated kidnapping.  Accordingly, we order the clerk of the circuit court to correct the mittimus in the instant case by deleting any reference to a conviction of and sentence for the offense of aggravated kidnapping.

For the foregoing reasons, the judgment of the circuit court is affirmed as modified.

Affirmed as modified.

SOUTH and BARTH, JJ., concur.