THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GAYLA DAVIS, Defendant-Appellant.

Fourth District    No. 4—99—0736

Opinion filed March 13, 2001.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a jury trial in the circuit court of Adams County in which defendant, Gayla Davis, was found guilty of two counts of the aggravated battery of Shaunnalei Byrd (720 ILCS 5/12—4(a), 12—4(b)(1) (West Supp. 1997) (as amended by Pub. Act 90—735, § 5, eff. August 11, 1998 (1998 Ill. Laws 3843, 3844-46))), defendant was sentenced to nine years' imprisonment on count II, relating to the use of a deadly weapon. In this appeal, defendant argues (1) the trial court improperly failed to subject evidence of her prior convictions to a balancing test and erred in using the "mere-fact" method of impeachment, (2) she was not proved guilty beyond a reasonable doubt, (3) the issues instructions did not adequately specify the nature of the acts alleged, (4) the extended-term and consecutive sentencing statutes under which she was sentenced were unconstitutional, (5) the nine-year term of imprisonment was excessive, and (6) the trial court lacked authority to order 50% of her Department of Corrections (DOC) monthly wages to be withheld and remitted to the Adams County circuit clerk to pay costs and restitution. We vacate the order of withholding and affirm in all other respects.

■ We first consider the propriety of using the mere-fact method and whether the trial court properly applied the *Montgomery* balancing test (*People v. Montgomery*, 47 Ill. 2d 510, 512-19, 268 N.E.2d 695, 696-700 (1971)) to determine the admissibility of evidence of defendant's prior convictions. On the morning that jury selection was to begin, defendant's counsel made an oral motion *in limine* to preclude the State from using evidence of a March 1998 aggravated battery conviction and an October 1995 obstruction of justice conviction, both felonies, to impeach defendant in the event that she testified. The prosecutor indicated no intention of using a February 1998 conviction for misdemeanor battery.

The record shows defendant did not want the jury to hear the nature of the prior convictions, was informed that the trial court would use the mere-fact method, and had no questions concerning its use.

In response to the State's contention on appeal that defendant has waived the issue by failing to object and file a posttrial motion (*People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130 (1988)), defendant asserts plain error (134 Ill. 2d R. 615(a)). The record being clear that defendant induced the trial court into using the mere-fact method of impeachment, defendant cannot now complain that the trial court did so. See *People v. Lowe*, 153 Ill. 2d 195, 199, 606 N.E.2d 1167, 1169 (1992) ("an accused may not ask the trial court to proceed in a certain manner and then contend in a court of review that the order which he obtained was in error"). The mere-fact method of impeachment allows

the jury to be informed of the existence of a prior conviction and not the specific crime of which defendant was convicted. *People v. Holloman*, 304 Ill. App. 3d 177, 182, 709 N.E.2d 969, 972 (1999). There was no error in using the mere-fact method of impeachment.

The mere-fact method does not supplant the *Montgomery* analysis. *People v. Dixon*, 308 Ill. App. 3d 1008, 1017, 721 N.E.2d 1172, 1179 (1999). The Supreme Court of Illinois has declined to find error where the transcript makes it clear that the trial court was applying the *Montgomery* standard even though the trial judge did not expressly articulate it. See *People v. Williams*, 173 Ill. 2d 48, 83, 670 N.E.2d 638, 655 (1996); *People v. Redd*, 135 Ill. 2d 252, 325-26, 553 N.E.2d 316, 349-50 (1990). In this case, the record demonstrates that the trial judge weighed the danger of unfair prejudice to defendant against the probative value of the prior convictions. Indeed, the arguments of counsel focused on that very point. No error occurred.

■ We next consider whether defendant was proved guilty of aggravated battery of Byrd beyond a reasonable doubt. Evidence was presented from which the jury could find that, after a number of lesser incidents between the two women throughout the day and evening of November 29, 1998, defendant and her sister used an automobile to stop another automobile in which Byrd was a passenger and, after the occupants exited the vehicles, defendant pushed Byrd to the ground, got on top of her with her knees on Byrd's chest, and cut Byrd's face with a razor blade.

When a challenge to the sufficiency of the evidence is raised in a criminal appeal, this court considers the evidence in the light most favorable to the State in determining whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Oaks*, 169 Ill. 2d 409, 457-58, 662 N.E.2d 1328, 1349-50 (1996).

As relevant to the allegation in count II of the information in this case, a person commits aggravated battery when she knowingly and without legal justification causes bodily harm to the victim and in doing so she uses a deadly weapon other than by a discharge of a firearm. 720 ILCS 5/12—4(b)(1) (West Supp. 1997) (as amended by Pub. Act 90—735, § 5 eff. August 11, 1998 (1998 Ill. Laws 3843, 3844—46) (incorporating the statutory definition of battery (720 ILCS 5/12—3(a)(1) (West 1998)))).

On appeal, defendant does not argue that the razor blade was not a deadly weapon. Instead, defendant's argument focuses on the evidence that she presented contradicting the testimony of witnesses supporting Byrd's version of the incident. Defendant denied having a razor blade and testified that Byrd had something in her hand. Defen-

dant argues that on this evidence the jury could find that someone else in the melee may have had the razor blade.

It is the function of the jury to assess witness credibility, weigh the evidence, and draw inferences from the evidence. *People v. Adams*, 308 Ill. App. 3d 995, 1007, 721 N.E.2d 1182, 1191 (1999). It is not the function of this court to reassess witness credibility or reweigh the evidence. The evidence of defendant's guilt was not so improbable or unsatisfactory as to create a reasonable doubt of defendant's guilt. *People v. Smith*, 141 Ill. 2d 40, 55, 565 N.E.2d 904, 906 (1990). The evidence in this case was sufficient to establish defendant's guilt of aggravated battery beyond a reasonable doubt.

■ The third issue is whether the issues instructions to the jury improperly failed to use the term "great bodily harm" and only referred to "bodily harm," in violation of defendant's right to due process under the fourteenth amendment of the United States Constitution (U.S. Const., amend. XIV). In this case, the jury found defendant guilty of both counts of aggravated battery. Defendant does not challenge the charging instrument, the definitional instructions, or the verdict forms.

Not only is the issue waived by the failure to raise the issue at trial and in the posttrial motion, but it is not such a grave error that fundamental fairness requires a new trial with a proper instruction. See *People v. Reddick*, 123 Ill. 2d 184, 198, 526 N.E.2d 141, 147 (1988). In this appeal, defendant argues that the issue instruction as to count I was inaccurate. Defendant was found guilty of both counts of aggravated battery, but a judgment of conviction was entered only on the finding of guilt as to count II. Defendant does not explain how an error on the issue instruction relating to count I could have resulted in an improper judgment of conviction to count II. We find no reversible error.

■ We next consider whether the extended-term sentence imposed in this case violated due process under the standards applied in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Defendant argues in her supplemental brief that all factors for extending a sentence provided in section 5—5—3.2(b) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—5—3.2(b)(1) (West Supp. 1997)) as well as the discretionary consecutive sentencing provisions in section 5—8—4(b) of the Unified Code (730 ILCS 5/5—8—4(b) (West 1998)) are unconstitutional.

The presentence investigation report reveals that defendant had a prior conviction for aggravated battery occurring on February 10, 1998 (Adams County case No. 98—CF—74), for which she had been sentenced to 30 months' probation on October 13, 1998. The present conviction for the same class offense arising out of a different series of

acts was within the 10-year period and supported the imposition of an extended term. See 730 ILCS 5/5—5—3.2(b)(1) (West Supp. 1997). The decision in *Apprendi* expressly excepts from its holding an enhancement or increase of a sentence based on a prior conviction. *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. The extended sentence under section 5—5—3.2(b)(1) of the Unified Code was properly imposed in this case.

On February 17, 1999, defendant's probation in Adams County case Nos. 98—CF—74 and 98—CF—125 were revoked, and defendant · was sentenced to four years' imprisonment in No. 98—CF—74 and 364 days in jail in No. 98—CF—125 (wherein defendant had pleaded guilty to a reduced charge of misdemeanor battery). The nine-year extended sentence imposed in the case at bar was ordered to be served consecutively to the sentences in Nos. 98—CF—74 and 98—CF—125.

Section 5—8—4(b) of the Unified Code (730 ILCS 5/5—8—4(b) (West 1998)) provides that the trial court may impose a consecutive sentence if, "having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant."

Recently, *People v. Sutherland*, 317 Ill. App. 3d 1117, 1129 (2000), adopted the State's reasoning as it applied to consecutive sentences under section 5—8—4(a) of the Unified Code (730 ILCS 5/5—8—4(a) (West 1998)); *Sutherland* also distinguished *Apprendi* and rejected the reasoning in *People v. Clifton*, 321 Ill. App. 3d 707 (2000), and *People v. Carney*, 317 Ill. App. 3d 806, 740 N.E.2d 435 (2000). See also *People v. Primm*, 319 Ill. App. 3d 411, 428 (2000) (following *Sutherland* and rejecting *Clifton*); but see *People v. Harden*, 318 Ill. App. 3d 425 (2000) (following *Clifton* and rejecting *Sutherland*). We agree with the rationale adopted in *Sutherland*.

In this case, the need to protect the public is not a fact that should be argued to the jury in the guilt-finding stage of a criminal proceeding. This is the type of fact that is traditionally left to the sentencing court. In this case, the trial court found that consecutive sentences were necessary because the nature and circumstances of the offense and the history and character of defendant required that the public be protected. See 730 ILCS 5/5—8—4(b) (West 1998). Defendant does not argue that this finding was unsupported by the evidence. The use of consecutive sentences did not impose a sentence beyond the statutory maximum limit, but clarified the time when the sentence was to begin being served in relation to two other sentences imposed in unrelated cases. The *Apprendi* rationale does not apply.

■ Defendant next argues that the nine-year sentence was excessive. We disagree. The imposition of a sentence is a matter of discre-

tion with the trial court, and, absent an abuse of discretion, a sentence within the statutory range will not be overturned on appeal. *People v. Jones*, 168 Ill. 2d 367, 373-74, 659 N.E.2d 1306, 1308 (1995).

In this case, the trial court noted the presence of mitigating factors, including the impact that a sentence of imprisonment would have on defendant's family. The trial court also held out hope of rehabilitation and noted that defendant was a bright person. Indeed, the sentencing court did not impose the maximum extended sentence. Nevertheless, noting that defendant was only 21 years old, the sentencing court was very concerned about the defendant's prior criminal history and the nature of those crimes.

The record shows the escalation of defendant's violent behavior warranted the nine-year sentence imposed in this case. No abuse of sentencing discretion has been demonstrated.

■ The final issue concerns the trial court's order withholding 50% of defendant's DOC wages and directing that they be applied to costs, fees, and restitution. Defendant failed to object to the order at the sentencing hearing and did not include it in the postsentencing motion as required under section 5—8—1(c) of the Unified Code (730 ILCS 5/5—8—1(c) (West Supp. 1997)). Although the State argues waiver, the defendant contends that the trial court did not have the authority to enter the withholding order and it is void. Because a void order may be attacked at any time (*People v. Lawrence*, 206 Ill. App. 3d 622, 624, 565 N.E.2d 322, 324 (1990)), we address the issue.

Defendant argues that the order of withholding in this case is void because section 5—9—4 of the Unified Code (730 ILCS 5/5—9—4 (West 1998)) requires an order of withholding to collect a fine to be in accordance with Part 8 of article XII of the Code of Civil Procedure (Code) (735 ILCS 5/12—801 through 12—819 (West 1996)). However, defendant has failed to demonstrate what, if any, "fines" are being paid through withholding of her DOC wages. On the other hand, section 5—5—6(h) of the Unified Code (730 ILCS 5/5—5—6(h) (West 1998)) provides that the trial court may enter an order of withholding wages to collect restitution. It is undisputed that no wage deduction proceeding under the Code was conducted here.

The legislature has clearly and unambiguously stated its preferred method of determining if wage deduction is appropriate. Additionally, we note that, here, the amount of the withholding (50% of wages) may exceed the amount authorized under the civil wage deduction remedy. See 735 ILCS 5/12—803 (West 1998) (setting the maximum wage subject to collection).

As a result, because the procedure employed in this case does not comport with the civil procedure for wage deduction, the wage deduc-

tion order is void, and it is vacated. In all other respects, the judgment of the circuit court of Adams County is affirmed. We remand for the limited purpose of amending the judgment by deleting the wage deduction provision therein.

Affirmed in part and vacated in part; cause remanded with directions.

STEIGMANN, P.J., concurs.

JUSTICE MYERSCOUGH, specially concurring:

I specially concur. The Supreme Court of Illinois has found use of the mere-fact method of impeachment to be plain error. *People v. Atkinson*, 186 Ill. 2d 450, 463-64, 713 N.E.2d 532, 538 (1999). However, in this case, defendant's counsel made an oral motion *in limine* to preclude the State from impeaching defendant with two previous felony convictions, specifically a March 1998 aggravated battery conviction and an October 1995 obstruction of justice conviction. Defendant's motion *in limine* only sought to preclude the State from producing the *nature* of the felonies. In essence, defendant's motion *in limine* was a request for the trial court to utilize the mere-fact method. Because defendant chose the mere-fact approach, she forfeited any error arising from the use of such method. Moreover, this error was harmless given the overwhelming weight of the evidence.