THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD LUCAS, Defendant-Appellant.

First District (3rd Division)   No. 1—99—2623

Opinion filed March 21, 2001.

Rita A. Fry, Public Defender, of Chicago (Michaela J. Kalisiak, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Alan J. Spellberg, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WOLFSON delivered the opinion of the court:

Once again we are called on to determine the authority of a trial judge to impose lengthy prison sentences.

The defendant, Donald Lucas, was charged with committing a vicious sexual assault on a female victim. There was a bench trial. The judge found the defendant guilty of attempted first degree murder, aggravated criminal sexual assault, and aggravated kidnapping. The trial court, using extended-term and consecutive sentence statutes, sentenced the defendant to a total of 120 years.

On appeal, the defendant relies on *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). He contends the statutes authorizing the trial court to impose extended-term and consecutive sentences are unconstitutional. See 730 ILCS 5/5—5—3.2(b)(2), 5—8—4(a) (West 1998).

We conclude *Apprendi* requires us to vacate the extended-term sentences, but we do not believe *Apprendi*'s grasp reaches consecutive sentences.

FACTS

While the issues on appeal relate only to sentencing, the factual setting of this case sheds light on the trial court's decision to impose extended-term and consecutive sentences.

On June 27, 1998, the victim was at the corner of 22nd and State Streets in Chicago, trying to buy drugs from the defendant. She told the defendant she had only $4 or $5. The defendant said if she gave him the money, he would let her smoke drugs with him. She agreed, and they walked to a secluded wooded area at 22nd and Wabash.

When they reached the wooded area, the defendant grabbed the victim by her throat and started choking her. She tried to fight back, but he started punching her face. The defendant punched her in the face several times, causing her to fall to the ground unconscious.

When the victim regained consciousness, she was lying on the ground, her bare back on broken glass. The defendant had removed all of her clothes and was on top of her. While the defendant was sexually assaulting her, he called her "black bitch" and told her to "be still." The defendant told her he was going to kill her.

The victim was unable to move. The defendant, realizing his victim was conscious, continued to punch her in the face, beating her unconscious again. When the victim regained consciousness, the defendant was still on top of her, sexually assaulting her. Seeing the victim awake, the defendant punched her in the face again, causing her to lose consciousness again.

The victim then awoke to a very sharp pain in her vagina. At the time, the defendant was still on top of her. She passed out for a moment and awoke again to the very sharp pain. She did not know what caused the sharp pain, but this time she saw the defendant standing between her legs pushing something into her vagina.

While the defendant stood above her, pushing an object into her vagina, he said "be still, you bitch." The victim, unable to move, passed out again. When she awoke, the defendant was gone, but she could not move. She could feel something was still inside her vagina.

Evidence at trial showed the defendant used a tree limb, approximately 30 inches long and approximately 2 inches in diameter, to impale the victim's vagina. She suffered multiple blunt head trauma, conjunctival hemorrhages, an open wound to her vagina, and laceration to her iliac vein—the second largest vein in the body.

The parties stipulated that if Doctor John Barrett were called to testify, he would have testified he was one of the emergency room doctors who treated the victim on June 27, 1998. According to Doctor Barrett, in the 24 years he worked in the emergency room of Cook County Hospital, the defendant's attack on the victim was "the most significant impalement [I have] seen performed by another human being."

After a hearing in aggravation and mitigation, the trial judge imposed the following sentences:

(1) Attempted first degree murder—an extended term of 50 years;

(2) Aggravated criminal sexual assault—an extended term of 50 years;

(3) Aggravated kidnapping—a term of 20 years.

The sentences were to run consecutively, adding up to a 120-year term.

The two extended sentences were based on the trial court's finding that the crimes were accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty. See 730 ILCS 5/5—5—3.2(b)(2) (West 1998).

Each sentence was to run consecutive to the other, the trial court finding "these were all conducted as part of the same course of conduct." See 730 ILCS 5/5—8—4(a) (West 1998).

### DECISION

■ As a threshold matter, the State contends the defendant waived his challenges to the statutes that authorize imposition of extended-term and consecutive sentences because he failed to raise the issues in his posttrial sentencing motion, as required by section 5—8—1(c) of the Unified Code of Corrections. 730 ILCS 5/5—8—1(c) (West 1998). See *People v. Reed*, 177 Ill. 2d 389, 393-94, 686 N.E.2d 584 (1997) (defendant must raise sentencing issues in postsentencing motion to preserve issues for review).

This court has repeatedly declined to find waiver of a defendant's *Apprendi* challenge to his sentence imposed pursuant to the manda-

tory Class X sentencing scheme found in section 5—5—3.2 of the Unified Code of Corrections, despite that challenge being raised for the first time by defendant on appeal. See *People v. Armstrong*, 318 Ill. App. 3d 607, 615 (2000) (Challenges to a trial court's statutory authority to impose a particular sentence are not subject to waiver). See also *People v. Harden*, 318 Ill. App. 3d 425, 427, 741 N.E.2d 1063, 1065 (2000). We will, therefore, address the merit of the issues.

THE EXTENDED TERMS

The defendant was convicted of three Class X felonies: attempted first degree murder, aggravated criminal sexual assault, and aggravated kidnapping. Ordinarily, these felonies carry a term of 6 to 30 years' imprisonment (730 ILCS 5/5—8—1(a)(3) (West 1998)), but an offender may be sentenced to 30 to 60 years' imprisonment if the trial court finds a statutory aggravating factor that subjects the defendant to an extended-term sentence under section 5—8—2 of the Unified Code of Corrections (730 ILCS 5/5—8—2(a)(2) (West 1998)).

■ Here, the trial court sentenced the defendant to an extended term of 50 years' imprisonment for attempted first degree murder and to an extended term of 50 years' imprisonment for aggravated criminal sexual assault because the crimes were exceptionally brutal and heinous (730 ILCS 5/5—5—3.2(b)(2) (West 1998)). The defendant contends his extended-term sentences must be vacated in light of *Apprendi*. We agree.

No reasonable construction of our extended-term sentencing statute (see 730 ILCS 5/5—8—2 (West 1998)) would allow us to avoid the broad constitutional rule of *Apprendi*.[1] See *People v. Chanthaloth*, 318 Ill. App. 3d 806, 816 (2001), citing *People v. Joyner*, 317 Ill. App. 3d 93, 109, 739 N.E.2d 594 (2000); *People v. Beachem*, 317 Ill. App. 3d 693, 707, 740 N.E.2d 389 (2000); *People v. Clifton*, 321 Ill. App. 3d 707, 730 (2000); *People v. Carney*, 317 Ill. App. 3d 806, 812, 740 N.E.2d 435 (2000), *appeal allowed*, 193 Ill. 2d 590 (2001).

Any fact, other than a prior conviction, that increases the maximum penalty for a crime must be charged in an indictment, submitted to a fact finder, and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 476, 147 L. Ed. 2d at 446, 120 S. Ct. at 2355.

At the defendant's sentencing hearing, the trial court found the

---

[1] We note that our analysis may be different under new amendments to the Code of Criminal Procedure of 1963 and the Unified Code of Corrections. See Pub. Act 91—953, eff. February 23, 2001 (amending 725 ILCS 5/111—3 (West 1998); 730 ILCS 5/5—5—3, 5—5—4, 5—8—1, 5—8—2 (West 1998)).

crime was exceptionally brutal and heinous, indicative of wanton cruelty. The trial court said it based its imposition of the extended-term sentences on that finding. As a result, the defendant received two extended-term sentences totaling 100 years—40 years greater than the maximum Class X sentences permitted under section 5—8—1(a)(3) (730 ILCS 5/5—8—1(a)(3) (West 1998)).

The State does not respond to the defendant's claim that his extended-term sentences violated the holding in *Apprendi*.

Because *Apprendi* required that the indictment in this case set forth the enhancing element, that is, heinous and brutal conduct indicative of wanton cruelty, and that the fact finder find those sentence-enhancing facts beyond a reasonable doubt, the sentences for attempted first degree murder and aggravated criminal sexual assault cannot be extended beyond the statutory limitations of 30 years for each offense. See *Apprendi*, 530 U.S. at 475, 147 L. Ed. at 446, 120 S. Ct. at 2355. Therefore, we vacate the defendant's extended-term sentences pursuant to the United State Supreme Court's holding in *Apprendi*.

### THE CONSECUTIVE SENTENCES

■ The defendant contends section 5—8—4(a) of the Unified Code of Corrections (730 ILCS 5/5—8—4(a) (West 1998)) is unconstitutional. Section 5—8—4(a) provides, in relevant part:

> "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless *** the defendant was convicted of a violation of Section 12—13 [criminal sexual assault or] 12—14 [aggravated criminal sexual assault] *** of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." 730 ILCS 5/5—8—4(a) (West 1998).

The trial court sentenced the defendant pursuant to this section and ordered all three terms to run consecutively. Relying on *Apprendi*, the defendant contends section 5—8—4(a) is unconstitutional because it allows a trial court to make factual findings—such as the finding in this case that the offenses of attempted first degree murder, aggravated criminal sexual assault, and aggravated kidnapping were committed as part of a single course of conduct—that increase the permissible range of penalties by requiring the defendant's sentences to run consecutively.

The State asserts *Apprendi* does not apply to section 5—8—4(a) of the Unified Code of Corrections because that section does not authorize the imposition of a sentence that is beyond the prescribed statu-

tory maximum for any particular offense. Rather, the State contends, an order that multiple sentences run consecutively pursuant to section 5—8—4(a) affects only the manner in which the sentences will be served, not the length of those sentences.

Three divisions of the First District have held that section 5—8—4(a) is unconstitutional because it allows the trial court to impose consecutive sentences upon making one or more factual findings, specifically, whether offenses were committed as part of a single course of conduct and, in some cases, whether the defendant inflicted severe bodily harm. *Clifton*, 321 Ill. App. 3d at 724-30 (2nd Div.); *Carney*, 317 Ill. App. 3d at 812-13 (5th Div.); *Harden*, 318 Ill. App. 3d at 427-29, 741 N.E.2d at 1065-67 (4th Div.).

The courts in *Clifton, Carney*, and *Harden* acknowledged that an order that sentences run consecutively does not enhance any individual sentence beyond the prescribed statutory maximum. However, the courts concluded, under *Apprendi*, it is the effect of a statute, rather than its form, that controls, and the effect of an order requiring sentences to run consecutively is to increase the defendant's sentence. *Clifton*, 321 Ill. App. 3d at 726-27; *Carney*, 317 Ill. App. 3d at 812; *Harden*, 318 Ill. App. 3d at 428-29, 741 N.E.2d at 1065-66.

After the decisions in *Clifton* and *Carney*, the sixth division of the First District held, in *People v. Sutherland*, 317 Ill. App. 3d 1117, 1130-31 (2000), *People v. Primm*, 319 Ill. App. 3d 411, 428-29 (2000), and *People v. Hayes*, 319 Ill. App. 3d 810, 820 (2001), section 5—8—4(a) does not violate the rule announced in *Apprendi* and, therefore, is constitutional. In those cases, the trial courts imposed consecutive sentences based on findings that the offenses in question were committed as part of a single course of conduct and/or the defendant inflicted severe bodily injury.

The courts in *Sutherland, Primm*, and *Hayes* concluded *Apprendi* is not applicable to section 5—8—4(a) because, unlike the statute involved in *Apprendi*, section 5—8—4(a) does not increase a defendant's sentence beyond the statutory maximum. *Sutherland*, 317 Ill. App. 3d at 1130-31; *Primm*, 319 Ill. App. 3d at 428-29; *Hayes*, 319 Ill. App. 3d at 820.

Another demonstration of the divisive force of *Apprendi* has taken place in the Second District. First, the court in *People v. Waldrup*, 317 Ill. App. 3d 288, 300, 740 N.E.2d 71 (2000), held consecutive sentencing under section 5—8—4(a) is unconstitutional because, under *Apprendi*, it "is the same as a sentence enhancement." Less than two months later, in *People v. Maiden*, 318 Ill. App. 3d 545, 550 (2001), another Second District court held consecutive sentences imposed under section 5—8—4(a) survived *Apprendi* because the added fac-

tor—a finding of a single course of conduct—"does not require or allow the imposition of a sentence greater than that which the judge could have otherwise imposed." What about *Waldrup*? "We believe the *Waldrup* court misapprehended *Apprendi* \*\*\*," said the court. *Maiden,* 318 Ill. App. 3d at 551.

Today, we join those courts that have held *Apprendi* does not apply to consecutive sentences.

We are reluctant to extend *Apprendi* beyond its specific holding. The question posed by the Supreme Court concerned an "increase in the maximum prison sentence" for any single offense and had nothing to do with consecutive sentencing. *Apprendi,* 530 U.S. at 476, 147 L. Ed. 2d at 446, 120 S. Ct. at 2355. In fact, the State of New Jersey had argued that the trial judge could have imposed consecutive sentences on Apprendi, thus producing the 12-year sentence he received. The Court brushed aside that contention, noting consecutive sentencing is not "the constitutional question." *Apprendi,* 530 U.S. at 475-76, 147 L. Ed. 2d at 446, 120 S. Ct. at 2355. The "constitutional question" was confined to the 12-year sentence imposed on an offense that carried a 10-year maximum.

■ We agree with the court in *Primm* that "[c]onsecutive sentences determine only the manner in which the sentence for each individual offense is to be served and have nothing to do with the length of each discrete sentence. \*\*\* [W]hen sentences are 'made consecutive to one another, a new, single sentence [is] not formed.' " *Primm,* 319 Ill. App. 3d at 428, quoting *Thomas v. Greer,* 143 Ill. 2d 271, 278, 573 N.E.2d 814 (1991).

Here, as in *Sutherland, Primm,* and *Hayes,* neither of the separate sentences exceeds the maximum sentence for each offense. We, therefore, respectfully disagree with the results reached in *Clifton, Carney,* and *Harden.* See *Primm,* 319 Ill. App. 3d at 428 ("principles of *stare decisis* do not require us to follow precedent established by another division of the First District"; "we are bound by the higher court's decision in *Thomas*").

■ We affirm the portion of the trial court's sentencing order requiring the defendant's sentences for attempted first degree murder, aggravated criminal sexual assault, and aggravated kidnapping to run consecutively. We reverse and remand the portion of the trial court's sentencing order requiring the defendant's sentences for attempted first degree murder and aggravated criminal sexual assault be extended, with instructions to impose statutorily required sentences.

CONCLUSION

The order of the circuit court is affirmed in part, reversed in part, and remanded.

Affirmed in part, reversed in part, and remanded.

CERDA and BURKE, JJ., concur.