++ Notepad File ++ 

                         No. 3--99--0757

(Consolidated with No. 3--99--0758)

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 2001

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 12th Judicial Circuit,

       )  Will County, Illinois

Plaintiff-Appellee,       )

                                )  Nos. 97--CF--5224 &

v.                         )  97--CF--5743

  ) 

TIERRION D. CARUTH,             )  Honorable

  )  Herman S. Haase,

Defendant-Appellant.       )  Judge Presiding

________________________________________________________________

  PRESIDING JUSTICE HOMER delivered the opinion of the court:     

________________________________________________________________

Pursuant to a partially negotiated plea agreement, defendant Tierrion D. Caruth pled guilty to home invasion (720 ILCS 5/12--11(a)(2) (West 1996)) in case 97--CF--5224.  He was subsequently tried by a jury and found guilty of residential burglary and aggravated criminal sexual assault (720 ILCS 5/19--3, 12--14(a)(1) (West 1996)) in case 97--CF--5743.  Following a joint sentencing hearing, defendant was sentenced to consecutive prison terms of 14, 20 and 25 years, respectively.  The issues on appeal are (1) whether defendant was deprived of due process by the court's use of closed circuit television at arraignment, (2) whether the trial court mistakenly believed that consecutive sentences were statutorily mandated for all three offenses, and (3) whether the consecutive sentence imposed for home invasion violated the rule of 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  For reasons that follow, we affirm defendant's convictions and sentences.

FACTS AND PROCEDURAL CONTEXT

The record shows that the defendant appeared without objection by closed circuit television for his arraignment in case 97--CF--5224 on October 22, 1997.  He was likewise arraigned in case 97--CF--5743 on October 31, 1997.  In both cases, appointed counsel entered pleas of not guilty and waived a formal reading of the indictment.

Defendant subsequently pled guilty in open court to one count of home invasion in case 97--CF--5224 in exchange for the State's agreement to dismiss three related counts in that case.  The factual basis established that on September 20, 1997, defendant broke into an apartment occupied by Shelly Wruk.  He tied Wruk's wrists and ankles together with a telephone extension cord and stole electronic equipment, credit cards and the contents of her wallet.  Wruk suffered bruises to her wrists and ankles from being bound.  The court admonished defendant and accepted his plea.  

On June 8, 1999, case 97--CF--5743 proceeded to a jury trial.  The evidence established that defendant broke into the home of Jacqueline Rizzo on August 27, 1997.  He stabbed her in the hand with a knife and forced her to perform acts of fellatio and intercourse.  He then tied Rizzo's wrists and ankles together and proceeded to take jewelry, money, electronic equipment, video tapes and other items from her home.  Rizzo reported the incident to the police after defendant left, and a rape kit was prepared at the hospital.  DNA from semen on a vaginal swab matched defendant's DNA.  Based on the evidence, the jury found defendant guilty of aggravated criminal sexual assault and residential burglary, as charged.

The two cases then proceeded to a joint sentencing hearing.  The State urged the court to impose consecutive sentences for each of the three offenses, and defense counsel argued for concurrent sentences.  The court imposed consecutive sentences totaling 59 years.  Defendant's posttrial and postsentencing motions were denied, and he appeals.

ARRAIGNMENT VIA CLOSED CIRCUIT TELEVISION

Defendant first argues that his constitutional right to be present in person at every critical stage of his trial was violated by the court's use of closed circuit television during the proceedings to arraign him.  In the alternative, he contends that the court erred by not complying with the statute requiring it to promulgate local rules for the use of closed circuit television.  See 725 ILCS 5/106D--1 (West 1998).

It is well settled that a defendant in a felony case has a right to be present at his arraignment.  
People v. Lindsey
, 309 Ill. App. 3d 1031, 723 N.E.2d 841 (2000), 
appeal allowed
, 189 Ill. 2d 670 (2000).  However, the right to be present may be waived.  
Lindsey
, 309 Ill. App. 3d 1031, 723 N.E.2d 841
.  Where a defendant appears by closed circuit television without objection, he is deemed to have consented to the procedure and thereby waives the issue on review unless plain error is shown.  
Lindsey
, 309 Ill. App. 3d 1031, 723 N.E.2d 841.

A procedural defect is plain error if the evidence of guilt was closely balanced or if the defendant was deprived of a substantial right.  
People v. Keene
, 169 Ill. 2d 1, 660 N.E.2d 901 (1995).  A substantial right has been denied if the error affected the proceedings to such a degree that we cannot confidently state that the defendant's trial was fundamentally fair.  
Keene
, 169 Ill. 2d 1, 660 N.E.2d 901.  In other words, this court will act on error that is of such gravity that it threatens the very integrity of the judicial process.  
People v. Blue
, 189 Ill. 2d 99, 724 N.E.2d 920 (2000).  

A defendant's constitutional right to appear in person is not a substantial right in itself.  
People v. Bean
, 137 Ill. 2d 65, 560 N.E.2d 258 (1990).  Rather, it is a means of securing substantial due process rights that may be affected by the proceeding.  
Bean
, 137 Ill. 2d 65, 560 N.E.2d 258 (1990).  A defendant is constitutionally guaranteed the right to be present whenever his presence has a reasonably substantial relation to the fulness of his opportunity to defend against the charge.  
People v. Lofton
, 194 Ill. 2d 40, 740 N.E.2d 782 (2000).  Thus, at proceedings implicating the ultimate decision of guilt or innocence, a defendant's appearance solely by closed circuit television may be considered plain error, regardless of the strength of the State's evidence.  See 
People v. Guttendorf
, 309 Ill. App. 3d 1044, 723 N.E.2d 838 (2000). 

In this case, defendant did not object to the use of the closed circuit television procedure.  Further, the record does not support defendant's claim that the use of the closed circuit procedure was plain error.  Defendant does not argue that the evidence of guilt was closely balanced, and there is no indication that defendant did not understand the charges and penalties he faced.  The arraignment proceedings were extremely brief, consisting only of counsel's entry of not-guilty pleas and waivers of a formal reading of the indictments.  Under the circumstances, we cannot say that the closed circuit procedure prejudiced defendant or impaired any substantial rights.

We also reject defendant's argument that the trial court committed reversible error by failing to comply with section 106D--1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/106D--1 (West 1998)).  As aforesaid, defendant did not preserve the issue by objecting in the trial court.  The evidence was not closely balanced; and, without any basis upon which to find that the fairness of proceedings to arraign defendant was impaired, the trial court's rule-making oversight was not plain error.  See 
Lindsey
, 309 Ill. App. 3d 1031, 723 N.E.2d 841.

CONSECUTIVE SENTENCING

In his second argument, defendant contends that the trial judge erroneously believed that consecutive sentences for his home invasion and residential burglary convictions were mandatory.  The State argues that this argument was waived or, in the alternative, the sentences were imposed pursuant to the court's discretionary authority.

Section 5--8--4 of the Unified Code of Corrections (730 ILCS 5/5--8--4 (West 1998)) controls the imposition of concurrent and consecutive sentences when a defendant is sentenced for multiple offenses.  Generally, concurrent sentences must be imposed for offenses "committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective."  730 ILCS 5/5--8--4(a) (West 1998).  However, consecutive sentencing is mandatory for certain triggering offenses, including aggravated criminal sexual assault.  730 ILCS 5/5--8--4(a), (b); 720 ILCS 5/12--14 (West 1998).  In addition, subsection 5--8--4(b) grants discretionary authority to impose consecutive sentences for other offenses not committed as part of a single course of conduct where the court "is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant."  730 ILCS 5/5--8--4(b) (West 1998).

In this case, defendant does not dispute that the statute mandated that he serve his sentence for aggravated criminal sexual assault consecutively to his sentences for residential burglary and home invasion.  However, he argues, the trial judge's comments indicate that he believed that the sentences for residential burglary and home invasion were mandatorily consecutive to each other as well.  We disagree.

Prior to imposing sentence, the court commented as follows:

   "In this society, in which it's kind of a dangerous place, and when we're out on the streets, whether we're driving on the highways or whether we're out in public, there's all kinds of dangerous things that can happen; but, the one place that most of us feel that we are safe in is our own homes.

*** [U]ltimately we want to feel that there's someplace where we can be that we are going to be safe.

   And clearly Ms. Wruk and Ms. Rizzo had that right, as all of us do, *** to be safe, and it is very important that there be a sentence that will deter others from doing this kind of crime."

The court then imposed a 14-year sentence for home invasion in case 97--CF--5224.  Turning next to case 97--CF--5743, the court imposed a 25-year sentence for aggravated criminal sexual assault, noting that this sentence was required to be served consecutively to both residential burglary and home invasion.  Finally, the court imposed a 20-year sentence for residential burglary and stated that this sentence would be served consecutive for home invasion "in the other case."

Based on our careful review of the trial court's comments and the context in which they were made, we believe that the court imposed consecutive sentences for residential burglary and home invasion pursuant to its discretionary authority under section 5--8--4(b).  Prior to pronouncing sentence for home invasion, the court expressed great concern about the need to protect the public from the kind of offenses defendant committed against the victims in these cases.  Protecting the public from a defendant's criminal conduct is a consideration that comes into play when the court is proceeding under section 5--8--4(b).  It is not a factor under the mandatory provisions of section 5--8--4(a).  The court's comments supported its decision to impose a consecutive sentence pursuant to section 5--8--4(b).  Accordingly, we reject defendant's statutory challenge to his consecutive sentences.  

CONSTITUTIONALITY OF SENTENCING STATUTE

During the pendency of the appeal, the defendant was granted leave to add an issue attacking the constitutionality of the  consecutive sentencing statute.  Both parties have presented persuasive arguments for their respective positions.  Defendant argues that section 5--8--4(b) unconstitutionally allows the trial judge to increase the penalty for multiple offenses upon finding that consecutive sentences are required to protect the public.  In support of his position, defendant cites 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and 
People v. Clifton
, Nos. 1--98--2126, 1--98--2384 cons. (September 29, 2000).  See also 
People v. Wilder
, No. 1--99--1425 (March 30, 2001).  Defendant acknowledges that the Illinois Appellate Court has upheld consecutive sentencing under section 5--8--4(a) in other cases.  See, 
e.g.
, 
People v. Sutherland
, 317 Ill. App. 3d 1117, 743 N.E.2d 1017 (2000), 
pet. for leave to appeal pending
 No. 90744; 
People v. Primm
, 319 Ill. App. 3d 411 (2000); 
People v. Maiden
, 318 Ill. App. 3d 545, 743 N.E.2d 1052 (2001); see also 
People v. Lucas
, 321 Ill. App. 3d 49 (2001).  However, he urges this court to follow the reasoning of 
Clifton
 and its progeny.  The State, relying on the latter cases, argues that 
Apprendi
 does not apply to consecutive sentencing, and the factors that the court must find to impose a discretionary sentence under section 5--8--4(b) are not elements of the underlying offenses.

In 
Apprendi
, the Supreme Court held that a New Jersey hate crime statute violated the defendant's right to due process, because the defendant's sentence was enhanced upon the trial judge's determination that the underlying offense was racially motivated.  The Court ruled that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

Subsequently, in 
Clifton
, 
Apprendi
 was applied to Illinois' consecutive sentencing statute
.  At issue in 
Clifton
 was the constitutionality of section 5--8--4(a), which mandates consecutive sentences where offenses are committed as part of a single course of conduct, one of the offenses is a Class 1 or Class X felony, "and the defendant inflicted severe bodily injury."  730 ILCS 5/5--8--4(a) (West 1998).  The 
Clifton
 court observed that, regardless of the propriety of each discrete sentence imposed, the effect of the consecutive sentencing statute was to increase the collective penalty based on the judge's finding that the defendant inflicted serious bodily injury.  
Clifton
, slip op. at 52-54.  Pursuant to 
Apprendi
, the 
Clifton
 court ruled that consecutive sentences under section 5--8--4(a) could not be imposed unless the issue of severe bodily injury was submitted to a jury and proved beyond a reasonable doubt.  
Clifton
, slip op. at 49-55.  

More recently, another panel of the Illinois Appellate Court extended 
Clifton
 to section 5--8--4(b).  
Wilder
, No. 1--99--1425.  The 
Wilder
 court observed that to impose consecutive sentences under section 5--8--4(b), the court must determine: (1) that the offenses were not carried out in a single course of conduct, and (2) considering the nature and circumstances of the offense and the history and character of the defendant, that consecutive sentences are required to protect the public from further criminal conduct by the defendant.  The court found that both determinations were factual findings which violated the rule of 
Apprendi
.  
Wilder
, No. 1--99--1425.

In the meantime, other panels of the Illinois Appellate Court have upheld the consecutive sentencing statute.  In 
Sutherland
, the court first ruled that consecutive sentencing did not increase the defendant's punishment for each offense beyond the prescribed statutory maximum.  
Sutherland
, 317 Ill. App. 3d at 1131, 743 N.E.2d at 1017.  The court also observed that, unlike the mental element at issue in 
Apprendi
, "severe bodily injury" was not an essential element of the offense.  Moreover, the court noted, Sutherland did not claim that he was unaware that he faced potential consecutive sentences.  
Sutherland
, 317 Ill. App. 3d at 1131, 743
 N.E.2d at 1018.  Accordingly, the court rejected 
Clifton
 and upheld Sutherland's sentences.  
Sutherland
, 317 Ill. App. 3d at 1131, 743 N.E.2d at 1018.  
A Second District panel of the Illinois Appellate Court subsequently applied rationale similar to 
Sutherland
 and rejected the defendant's contention that 
Apprendi
 applied to the finding of a "single course of conduct" under section 5--8--4(a).  
Maiden
, 318 Ill. App. 3d at 550, 743 N.E.2d at 1055.

Finally, another First District panel embraced 
Sutherland
 and 
Maiden
 in another challenge to the trial court's finding of a "single course of conduct" under section 5--8--4(a).  
Lucas
, 321 Ill. App. 3d 49.  In 
Lucas
, the court noted that the Court in 
Apprendi
 had expressly declined to consider the constitutionality of consecutive sentencing.  Unwilling to extend 
Apprendi
 beyond sentencing enhancement legislation, the 
Lucas
 court 
rejected the reasoning of 
Clifton
 and its progeny and concluded that the defendant's consecutive sentences should stand.  
Lucas
, 321 Ill. App. 3d 49.

Based on our review of the statute at issue and relevant cases, we now reject defendant's constitutional challenge to his consecutive sentences.  In so deciding, we respectfully reject the court's rationale in 
Wilder
, the only reported decision directly ruling on the constitutionality of section 5--8--4(b). In our opinion, 
Sutherland
 and its progeny represent a proper application of the 
Apprendi
 rule.  While, as a practical matter, a defendant certainly is exposed to a longer period of imprisonment when consecutive sentences are imposed based on the court's assessment of the relevant sentencing considerations (see 
Clifton
, Nos. 1--98--2126, 1--98--2384 cons.; 
Wilder
, No. 1--99--1425), we do not believe that due process guarantees are offended by this state's consecutive sentencing statute (see 
Sutherland
, 317 Ill. App. 3d 1117, 743 N.E.2d 1007; 
Maiden
, 318 Ill. App. 3d 545, 743 N.E.2d 1052; 
Lucas
, 321 Ill. App. 3d 49).

Enhanced sentencing factors, such as the factor considered in 
Apprendi
, increase the sentencing range for a particular offense, effectively elevating the offense to a new, enhanced version of the offense for which the defendant was convicted.  According to 
Apprendi
, due process is denied if the defendant was not given notice and full trial rights with respect to every element of the enhanced version of the offense (other than recidivism), including the enhancement factor.  See 
Apprendi
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000); 
People v. Thurow
, 318 Ill. App. 3d 128, 742 N.E.2d 880 (2001).  

Conversely, where a defendant faces sentencing for multiple offenses and each discrete sentence falls within the range for the offenses of which the defendant was convicted, we see no unfairness in allowing the court to determine that the sentences should be served consecutively pursuant to section 5--8--4.  The consecutive sentencing statute does not change the sentencing range for an offense after trial.  Particularly where, as here, the record does not indicate that the defendant was unaware that he faced potential consecutive sentences, he would be hard-pressed to show that the statute deprived him of fair notice.  See 
Sutherland
, 317 Ill. App. 3d 1117, 743 N.E.2d 1007.  We also believe it significant that the Court could have considered, but chose not to consider, consecutive sentencing under the New Jersey statute in 
Apprendi
.  See 
Lucas
,
 321 Ill. App. 3d 49. 

In sum, we decline to extend 
Apprendi
 to section 5--8--4(b). We agree with 
Sutherland
 and its progeny that extending 
Apprendi
 so as to invalidate this state's consecutive sentencing statute is neither required nor advisable.  Accordingly, we affirm defendant's consecutive sentences.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

Affirmed. 

LYTTON, J., concurred.

JUSTICE SLATER dissenting:

I must dissent from that aspect of the majority's decision upholding the constitutionality of section 5--8--4(b) of the Unified Code of Corrections (Code) (730 ILCS 5/5--8--4(b) (West 1998)).  Contrary to the majority's opinion, I do not believe that the issue before us is whether the rationale for the U.S. Supreme Court's decision in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 425, 120 S. Ct. 2348 (2000), should be extended to invalidate the particular Code provision in controversy.  Rather, I believe the question before us is whether section 5--8--4(b) can survive a faithful application of the holding in that case.

In 
Apprendi
, the Supreme Court expressed its holding in the following manner:

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.  With that exception, we endorse the statement of the rule set forth in the concurring opinions in [
Jones v. United States
, 526 U.S. 227, 143 L. Ed. 2d 311, 119 S. Ct. 1215 (1999)]: '[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.  It is equally clear that such facts must be established by proof beyond a reasonable doubt.'"  
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63, quoting 
Jones
, 526 U.S. at 252-53, 143 L. Ed. 2d at 332, 119 S. Ct. at 1228-29 (Stevens, J., concurring).

Section 5--8--4(b) allows the trial court to find facts permitting the imposition of consecutive sentences.  Absent this post-verdict fact finding, the defendant would receive concurrent sentences.  I believe reality and logic demand that we recognize that consecutive sentencing exposes a defendant to an increased penalty.  Accordingly, section 5--8--4(b) permits the trial court, after the jury has rendered its verdict, to find facts that expose the defendant to an increased range of punishment.  Thus, section 5--8--4(b) authorizes the very thing that the 
Apprendi
 court holds is contrary to a criminal defendant's rights under the Fifth and Sixth Amendments.  Section 5--8--4(b) is, therefore, unconstitutional.

As I understand it, the majority arrives at the contrary conclusion based on the following three propositions: (1) where a defendant is sentenced for multiple offenses, the rule in 
Apprendi
 is not violated so long as each term of imprisonment falls within the statutory sentencing range prescribed for each corresponding offense; (2) the Supreme Court "could have, but chose not to consider consecutive sentencing" in 
Apprendi
; and (3) the rule of 
Apprendi
 is somehow inoperable if the defendant cannot demonstrate that he was ignorant that the trial court might impose consecutive sentences based on its post-verdict fact finding.

With respect to the first proposition, the majority discovers a limitation to the 
Apprendi
 holding that is absent from the text of the 
Apprendi
 majority opinion.  In addition to the paucity of textual support, the limitation fashioned by the majority lacks a cogent rationale.  Indeed, it is a strange rule that a trial court may not impose a sentence for a single offense greater than the statutory maximum authorized by the jury's verdict, but the trial court may impose, through its own post-verdict fact finding, multiple consecutive sentences for multiple offenses where the jury's verdict only authorizes concurrent sentences.

As for the second proposition, contrary to the majority's claim, the U.S. Supreme Court in 
Apprendi
 did 
not
 "expressly decline[] to consider the constitutionality of consecutive sentencing."  Rather, the Supreme Court was not presented with the question.  The defendant in 
Apprendi
 did not receive consecutive sentences.  The only mention of consecutive sentencing in the  
Apprendi
 majority opinion comes in the following context:

"It is appropriate to begin by explaining why certain aspects of the case are not relevant to the narrow issue that we must resolve.  First, the State has argued that even without the trial judge's finding of racial bias, the judge could have imposed consecutive sentences on counts 3 and 18 that would have produced the 12-year term of imprisonment that Apprendi received; Apprendi's actual sentence was thus within the range authorized by statute for the three offenses to which he pleaded guilty.  (Citation omitted).  The constitutional question, however, is whether the 12-year sentence imposed on count 18 was permissible, given that it was above the 10-year maximum for the offense charged in that count.  The finding is legally significant because it increased--indeed, it doubled--the maximum range within which the judge could exercise his discretion, converting what otherwise was a maximum 10-year sentence on that count into a minimum sentence.  The sentences on counts 3 and 22 have no more relevance to our disposition than the dismissal of the remaining 18 counts."  
Apprendi
, 530 U.S. at 474, 147 L. Ed. 2d at 445, 120 S. Ct. at 2354.

A fair reading of the foregoing passage simply does not permit an inference that the Supreme Court was expressly reserving the question of how the general principles enunciated in the rest of its opinion might apply to consecutive sentencing.

Finally, I must take issue with the third and last pillar supporting the unstable edifice of the majority's decision.  The majority notes that "where, as here, the record does not indicate that the defendant was unaware that he faced potential consecutive sentences, he would be hard-pressed to show that the statute deprived him of fair notice."  While this observation may satisfy the majority's concerns regarding notice of the potential penalties, it does nothing to address the fact that defendant was deprived of his Sixth Amendment right to a jury determination of facts that exposed him to a substantially greater range of punishment.  Accordingly, because I would hold that section 5--8--4(b) of the Code is unconstitutional under the U.S. Supreme Court's decision in 
Apprendi
, I dissent.